[No. 19322.   Department Two.   June 24, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK
RADFORD, *Appellant.*[1]

HEALTH (8)—OFFENSES—POSSESSION OF NARCOTICS—INFORMATION—
SUFFICIENCY.   Under Rem. 1923 Sup., § 2509-3, making it an offense
(1) to sell, furnish or dispose of narcotic drugs, (2) to have pos-
session with intent to sell, and (3) to have possession unless the
same shall be "lawfully obtained," an information charges an offense
where it alleges possession of drugs that had been unlawfully ac-
quired by accused.

Appeal from a judgment of the superior court for
King county, Hall, J., entered January 6, 1925, upon
a trial and conviction of the unlawful possession of
narcotics. Affirmed.

*Harry Hazel* and *W. P. Guthrie,* for appellant.

*Ewing D. Colvin* and *Ralph Hammer,* for respond-
ent.

MACKINTOSH, J.—This is an appeal from a conviction
upon an information, the charging part of which is as
follows:

"He, said Jack Radford, in the county of King, state
of Washington, on the 20th day of November, A. D.
1924, wilfully, unlawfully and feloniously did have
in his possession a certain narcotic drug, to-wit, 4
bindles of morphine, 1.8 grains per bindle or a total of
7.2 grains, which narcotic drug had been theretofore
unlawfully acquired by him, said Jack Radford."

The objection raised to the conviction is that the in-
formation does not charge a crime.

Section 3 *et seq.* of ch. 47, Laws of 1923, p. 133 [Rem.
1923 Sup., § 2509-3], provides in part:

"It shall be unlawful for any person to sell, furnish
or dispose of, or have in his possession with intent to

[1]Reported in 236 Pac. 804.

sell, furnish or dispose of any narcotic drug or drugs, except . . . It shall be deemed a violation of this act for any person to have in his or her possession any narcotic drug, or any preparation or compound containing same in unexempt quantities, unless the same shall have been obtained pursuant to this act and to the laws of the congress of the United States and the rules and regulations now in force or hereafter promulgated thereunder, and proof of the possession of any such narcotic drug, except by a licensed physician, licensed manufacturer or licensed druggist shall be *prima facie* evidence of an intent to unlawfully sell, furnish or dispose of same. . . . Every person who habitually uses any narcotic drug as defined in this act shall be deemed guilty of a gross misdemeanor.''

It would seem that these provisions of the drug act make the following acts criminal: (1) to sell, furnish or dispose of such drugs; (2) to have in possession such drugs with intent to sell, furnish or dispose of them; (3) to have in possession such drugs, unless the same shall have been lawfully obtained. The appellant is charged with being one of those guilty under the last classification. His argument, however, is that, before he can be found guilty of having drugs in his possession unlawfully obtained, it must be alleged that he had the intent to sell, furnish or dispose of them. As we read the statute, however, it was not the intent of the legislature to make it necessary in order to convict a person who had unlawfully obtained drugs and had them in his possession that it must further appear that he intended to unlawfully sell, furnish or dispose of them. If the latter proof were essential it would be unnecessary to make it a crime to have unlawfully acquired possession, for the statute already covered the crime of possession with intent to sell, etc., and by adding the further element of unlawful acquisition, the legislature would only have been placing an additional

burden upon the state and would not have been covering a situation which it was apparent that it intended to cover, that is, where persons are found in possession of drugs which they had unlawfully acquired but where there was no evidence obtainable that they intended to unlawfully sell, furnish or dispose of them. It stands to reason, in dealing with a subject of this sort, that the legislature had in mind the many instances which must arise of persons who, in violation of the law, would come into possession of drugs and were desirous of making criminal the possession accompanied by such unlawful acquisition.

The case of *State v. Lee,* 127 Wash. 377, 220 Pac. 753, is quoted and relied upon by the appellant in support of his argument. In that case it was held that mere possession without any intent to sell, etc., is not a crime; the question was left open as to whether mere possession accompanied by unlawful acquirement of it was a crime, and there is nothing in that opinion which can legitimately be taken as indicating that the court was expressing an opinion that possession unlawfully acquired was not covered by the terms of the statute. On the contrary, the inference is clearly to be drawn that, under such facts, there could be a conviction under the statute, for we there said:

"Is the mere possession of narcotics a crime, within the meaning of these statutory provisions? Counsel for the prosecution, as we understand them, so argue, relying upon the second paragraph of section 3 of the act above quoted. We cannot agree with this contention. When critically read, that paragraph, it seems to us, makes possession of narcotics unlawful only when such possession shall have been obtained in violation of the provisions of the act. The concluding words of that paragraph prescribe only a rule of evidence, and are of no practical aid in determining what acts constitute crimes as defined by the act. We con-

clude, therefore, that the mere possession of narcotics, unaccompanied by any intent to sell, furnish or dispose of the same, or unaccompanied by any unlawful acquisition of such possession, is not a criminal offense, within the meaning of the above quoted portions of the act. Nor do we find elsewhere in the act any language suggesting a legislative intent to make such mere possession a crime.''

In other words, mere possession unaccompanied by elements of intent to sell, etc., or any proof of unlawful acquisition, is not a crime, but possession accompanied by either of these elements is a crime, and therefore the information properly charged a crime and the conviction and judgment thereunder must stand. Judgment affirmed.

TOLMAN, C. J., FULLERTON, MITCHELL, and HOLCOMB, JJ., concur.