[No. 23066.  *En Banc.*  February 11, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
HELMER, *Appellant.*[1]

*Patterson & Ross* and *John Spiller,* for appellant.

*Robert M. Burgunder* and *R. L. Bartling,* for respondent.

PARKER, J.—The defendant, Helmer, was, by information filed in the superior court for King county, charged as follows:

"He, said John Helmer, in the county of King, state of Washington, on the 23rd day of July, A. D. 1930, unlawfully and feloniously did have in his possession a certain narcotic drug, to-wit, 130 grains of cocaine, which narcotic drug had been theretofore unlawfully acquired by him, the said John Helmer."

Helmer, being duly arraigned, pleaded not guilty. Thereupon the cause proceeded to trial before the court, sitting with a jury, resulting in a verdict finding him guilty as charged. Judgment was accordingly rendered against him, from which he has appealed to this court.

The principal contention here made in behalf of Helmer is that the trial court erred in refusing to direct the jury to find him not guilty in response to his

[1]Reported in 8 P. (2d) 412.

counsel's motion made in that behalf. This contention proceeds upon the theory that, though the evidence was sufficient to support a finding that Helmer was in possession of the narcotic drug at the time and place charged, there is no evidence of his having unlawfully acquired possession thereof; and that therefore there is a failure of legal proof of his guilt as charged.

It is true that the state's evidence does not contain any direct affirmative proof of Helmer's unlawful acquisition of the drug; but it is also true that no proof whatever was offered in his behalf as to the lawfulness of his acquiring possession of the drug. So our problem is, in substance, as to whether our narcotic statute put upon Helmer the burden of proving the lawfulness of his acquisition of the drug, to the extent of convincing the jury that there remained a reasonable doubt as to whether or not he had lawfully acquired the drug.

Our narcotic statute makes it a criminal offense to have in possession narcotic drugs unless the same shall have been lawfully obtained. Chapter 47, Laws of 1923, p. 133, Rem. 1927 Sup., §§ 2509-1 *et seq.*; *State v. Radford,* 135 Wash. 120, 236 Pac. 804. Section 3 of the act, in defining the offense with which we are here concerned, reads as follows:

"It shall be deemed a violation of this act for any person to have in his or her possession any narcotic drug, or any preparation or compound containing same in unexempt quantities, unless the same shall have been obtained pursuant to this act and to the laws of the Congress of the United States and the rules and regulations now in force or hereafter promulgated thereunder, . . ." Rem. 1927 Sup., § 2509-3.

Section 5 of the act reads as follows:

"In any prosecution for the violation of the provisions of this act, it shall not be necessary for the

indictment, complaint or information to set forth any negative allegation, nor for the plaintiff to prove that the defendant does not come within any of the exceptions herein contained; but such exceptions shall be considered as a matter of defense, and the burden shall be upon the defendant to show that he comes within such exceptions." Rem. 1927 Sup., § 2509-5.

Of course, there rested upon the prosecution the burden of proving beyond a reasonable doubt that Helmer had possession of the drug in King county on or about the date charged; but if he desired to rest his defense upon his lawfully obtaining possession of the drug, the burden was upon him to so show, "as a matter of defense," this by the express language of the statute. True, he did not have that burden to the extent of proving beyond a reasonable doubt that he lawfully acquired possession of the drug; but he did have that burden to the extent of creating in the minds of the jury a reasonable doubt as to whether or not he had unlawfully acquired possession of the drug, if that be his defense rather than denial of possession of the drug. The trial judge so instructed the jury.

The proof was but little short of conclusive that he had possession of the drug as charged, and he failed to offer any proof whatever pointing to the manner of his acquiring possession of it. So it seems plain that the jury was fully warranted in finding him guilty as charged. Our decisions clearly support this conclusion. *State v. Shelton,* 16 Wash. 590, 48 Pac. 258, 49 Pac. 1064; *State v. Davis,* 43 Wash. 116, 86 Pac. 201; *State v. McCormick,* 56 Wash. 469, 105 Pac. 1037; *State v. Polk,* 66 Wash. 411, 119 Pac. 846; *State v. Bartow,* 95 Wash. 480, 164 Pac. 227; *State v. Harding,* 108 Wash. 606, 185 Pac. 579; *State v. Cress,* 129 Wash. 292, 225 Pac. 51.

There is language in our decision in *State v. Radford,* 135 Wash. 120, 236 Pac. 804, which may seem

somewhat out of harmony with this conclusion. It is as follows:

"Mere possession unaccompanied by elements of intent to sell, etc., or any proof of unlawful acquisition, is not a crime, but possession accompanied by either of these elements is a crime."

There was nothing involved in our discussion in that case other than the sufficiency of the information to state facts constituting the offense of unlawful possession of narcotic drugs which have been unlawfully obtained. There is no discussion in that case of the quantum of proof necessary to establish the commission of that crime. Therefore we think the above quoted language from that decision, in so far as it may possibly be considered out of harmony with our present conclusion, was mere dictum used by way of argument, and not at all controlling in our present inquiry. The words therein used, "proof of unlawful acquisition," do not suggest any particular measure of such proof. It is plain that the statute above quoted prescribes the measure of *prima facie* proof of unlawful acquisition of the drugs.

We conclude that the judgment must be affirmed. It is so ordered.

All concur.