98 P.3d 1190 (2004)
152 Wash.2d 528
STATE of Washington, Respondent,
v.
Donald Edward BRADSHAW, Petitioner.
State of Washington, Respondent,
v.
Christian S. Latovlovici, Petitioner.
No. 74410-6.
Supreme Court of Washington, En Banc.
Argued June 24, 2004.
Decided October 14, 2004.
*1191 Michael John Tario, Tario & Associates, PS, Bellingham, for Petitioner.
Melinda Beth Miller, Laura D. Hayes, Kimberly Anne Thulin, Rosemary Hawkins Kaholokula, Whatcom County Pros. Atty's Office, Philip James Buri, Buri Funston PLLC, Bellingham, for Respondents.
FAIRHURST, J.
Petitioners Donald Bradshaw and Christian Latovlovici (hereinafter defendants) seek review of an unpublished per curiam Court of Appeals decision affirming their convictions of unlawful possession of a controlled substance. They ask us to overrule State v. Cleppe, 96 Wash.2d 373, 635 P.2d 435 (1981), cert. denied, 456 U.S. 1006, 102 S.Ct. 2296, 73 L.Ed.2d 1300 (1982), and imply a mens rea element into the unlawful possession of a controlled substance statute (hereinafter the mere possession statute).[1] We refuse to do so and affirm the Court of Appeals.

I. FACTS
Bradshaw, a Canadian citizen, approached the Blaine crossing to enter the United States in a borrowed truck. Border patrol discovered 73.65 pounds of marijuana in a modified propane tank in the truck.
Latovlovici, a commercial truck driver for GLT Transportation in Vancouver, British Columbia, approached the Blaine crossing in a semitrailer loaded with 18 pallets of beer. Border patrol discovered at least 77 pounds of marijuana in the void in front of the pallets.
The State charged Bradshaw and Latovlovici with one count of unlawful possession of a controlled substance (over 40 grams of marijuana) and one count of possession of a controlled substance with intent to deliver. In separate trials, defendants asserted the affirmative defense of unwitting possession. The trial court instructed the juries that defendants had the burden of proving by a preponderance of the evidence that they did not know the marijuana was in their possession. The juries acquitted defendants of the intent to deliver charge; however, the juries rejected defendants' affirmative defense of unwitting possession and convicted them of unlawful possession.
Defendants "appeal[ed] their convictions, arguing that the trial court erred in failing to require the State to prove that they knowingly possessed a controlled substance, and that the evidence was insufficient to prove actual or constructive possession." State v. Bradshaw, noted at 117 Wash.App. 1019, 2003 WL 21322200, at *1 (2003). The Court of Appeals linked the cases and affirmed in an unpublished per curiam opinion. Id. We granted review. State v. Bradshaw, 151 Wash.2d 1009, 89 P.3d 712 (2004).

II. ISSUE
Should this court overrule Cleppe and imply a mens rea element of knowingly or intentionally into the mere possession statute?

*1192 III. STANDARD OF REVIEW
This court reviews statutory construction issues and constitutional issues de novo. City of Redmond v. Moore, 151 Wash.2d 664, 668, 91 P.3d 875 (2004).

IV. ANALYSIS
The legislature has the authority to create a crime without a mens rea element. State v. Anderson, 141 Wash.2d 357, 361, 5 P.3d 1247 (2000). To determine whether the legislature did so, we consider the language and legislative history of a statute. Id.; State v. Bash, 130 Wash.2d 594, 604-05, 925 P.2d 978 (1996).
As enacted in 1923, the mere possession statute made it a crime to possess an unprescribed controlled substance with the "intent to sell, furnish, or dispose" of it. LAWS OF 1923, ch. 47, § 3. The next iteration of the statute did not include the "intent" language. LAWS OF 1951, 2d Ex.Sess., ch. 22, § 2. In interpreting that revised statute, this court recognized that "[w]hether intent or guilty knowledge is to be made an essential element of this crime is basically a matter to be determined by the legislature." State v. Henker, 50 Wash.2d 809, 812, 314 P.2d 645 (1957). "Had the legislature intended to retain guilty knowledge or intent as an element of the crime of possession, it would have spelled it out as it did in the previous statute. The omission of the words with intent evidences a desire to make mere possession or control a crime." Id.
In 1971, the legislature adopted the Uniform Controlled Substances Act, chapter 69.50 RCW. LAWS OF 1971, 1st Ex.Sess., ch. 308, §§ 69.50.101-608. Section 401(c) of the model uniform act made it a crime to "knowingly or intentionally" possess a controlled substance. UNIF. CONTROLLED SUBSTANCES ACT § 401(c) (1970). Senate Bill 146 included these mens rea words in the section corresponding to section 401(c) of the model uniform act. S.B. 146, 42d Leg., Reg. Sess. (Wash.1971). However, Substitute Senate Bill 146 and Second Substitute Senate Bill 146 did not. SUBSTITUTE S.B. 146, 42d Leg., Reg. Sess. (Wash.1971); SECOND SUBSTITUTE S.B. 146, 42d Leg., Reg. Sess. (Wash.1971). The legislation as passed and enacted as the mere possession statute did not contain the "knowingly or intentionally" language.[2]
In the late 1970s and in 1980, a split of opinion developed among the divisions of the Court of Appeals as to whether a mens rea element was implied in the mere possession statute. Compare State v. Weaver, 24 Wash. App. 83, 90-91, 600 P.2d 598 (1979) (Division One held intent or knowledge is an element), with State v. Sainz, 23 Wash.App. 532, 539, 596 P.2d 1090 (1979), and State v. Hartzog, 26 Wash.App. 576, 593, 615 P.2d 480 (1980) (Division Three held intent or knowledge is not an element), aff'd, 96 Wash.2d 383, 406, 635 P.2d 694 (1981).
In 1981, this court agreed with Division Three and held that the mere possession statute did not contain a mens rea element. Cleppe, 96 Wash.2d at 380-81, 635 P.2d 435. The Cleppe court gave three reasons for its conclusion. Id. First, legislative history showed that the legislature deleted the "knowingly and intentionally" language from the uniform act language which was in the first senate bill. Id. at 380, 635 P.2d 435. Second, the court recognized that any correction must come from the legislature, not the court. Id. Finally, the court recognized that the affirmative defense of unwitting possession "ameliorates the harshness of the almost strict criminal liability our law imposes for unauthorized possession of a controlled substance." Id. at 381, 635 P.2d 435.
Since Cleppe, the legislature has amended RCW 69.50.401 seven times and has not added a mens rea element to the mere possession statute. See LAWS OF 1987, ch. 458, § 4; LAWS OF 1989, ch. 271, § 104; LAWS OF 1996, ch. 205, § 2; LAWS OF 1997, ch. 71, § 2; LAWS OF 1998, ch. 82, § 2; LAWS OF 1998, ch. 290, § 1; LAWS OF 2003, ch. 53, § 331.
Defendants ask us to overrule Cleppe and read a mens rea element into the mere possession statute. Defendants argue that such a conclusion is warranted because (1) RCW *1193 69.50.603 requires uniformity, (2) some mens rea is required, (3) possession is a term of art which requires knowledge and the affirmative defense of unwitting possession improperly shifts the burden of proof, and (4) Cleppe's interpretation of the mere possession statute is unconstitutional. We disagree.

A. RCW 69.50.603 Does Not Add a Mens Rea Element to the Mere Possession Statute
RCW 69.50.603, enacted in 1971 as part of the legislation adopting the Uniform Controlled Substances Act, provides "[t]his chapter shall be so applied and construed as to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among those states which enact it." RCW 69.50.603; LAWS OF 1971, 1st Ex. Sess., ch. 308, § 69.50.603. RCW 69.50.603 applies to the whole chapter and its general purpose.
Defendants argue that RCW 69.50.603 requires us to interpret the mere possession statute uniformly with other states that enacted the Uniform Controlled Substances Act. Defendants then ask us to take judicial notice of a 1988 Maryland case, Dawkins v. Maryland, 313 Md. 638, 646-49, 547 A.2d 1041 (1988), which indicated how other states through legislation and case law addressed the mens rea element in their mere possession statutes. Dawkins found that the majority of states require a mens rea element. Dawkins, 313 Md. at 646, 547 A.2d 1041. It also recognized that Washington and North Dakota are the exception. Id. at 647, 547 A.2d 1041 n. 7.
Defendants' arguments are unpersuasive. The legislature passed RCW 69.50.401 and.603 at the same time. LAWS OF 1971, 1st Ex.Sess., ch. 308, §§ 69.50.401, .603. Although RCW 69.50.603 states that the model uniform act is to be read in conformity with other states, the legislature deleted the "knowingly or intentionally" language that was in the model uniform act when it enacted the mere possession statute. In doing so, the legislature made the elements of our crime of mere possession different from the model uniform act's elements. RCW 69.50.603 should not be read to imply a mens rea element into the mere possession statute when the legislature has enacted a statute that deleted the language of the model uniform act. See State v. Jackson, 137 Wash.2d 712, 723, 976 P.2d 1229 (1999) (concluding that the legislature's omission of a provision of the Model Penal Code "was purposeful and evidenced its intent to reject" the language). Also, the legislature has not acted to change the Cleppe interpretation of the mere possession statute in the intervening 22 years. State v. Edwards, 84 Wash.App. 5, 12-13, 924 P.2d 397 (1996) ("The Legislature's failure to amend [a criminal statute] in light of [an appellate opinion omitting an intent requirement] suggests a legislative intent to omit an intent requirement."). Under these circumstances, the general desire of the legislature to promote uniform laws as evidenced in RCW 69.50.603 gives way to the legislature's specific direction in the mere possession statute that possession alonenot knowledge or intent to possessis culpable conduct.

B. A Mens Rea Element is Unnecessary when Legislative Intent to Omit a Mens Rea Element is Clear
Defendants argue that Staples v. United States, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), and Anderson, 141 Wash.2d 357, 5 P.3d 1247, require a mens rea element. They assert that a public welfare mens rea element should be read into the statute if the legislature intended mere possession to be a public welfare offense or, in the alternative, a traditional mens rea element should be read into the statute if the legislature's intent was unclear.
In Staples, the United States Supreme Court reviewed a conviction for possession of an unregistered machine gun under the National Firearms Act, 26 U.S.C. §§ 5801-5872. Staples, 511 U.S. at 602, 114 S.Ct. 1793. The issue was whether the government had to prove the defendant knew the weapon had the characteristics that brought it within the statutory definition. Id. The Court said that the issue of whether knowledge was an element of the crime was a question of statutory construction. Id. at 605, 114 S.Ct. 1793. The Court recognized that "`[t]he definition of the elements of a criminal offense is entrusted *1194 to the legislature.'" Id. at 604, 114 S.Ct. 1793 (quoting Liparota v. United States, 471 U.S. 419, 424, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985)). The Court construes the language and infers congressional intent. Staples, 511 U.S. at 605, 114 S.Ct. 1793. Silence does not necessarily mean there is no mens rea element. Id. Offenses that do not have a mens rea element are generally disfavored under the common law. Id. at 606, 114 S.Ct. 1793. The Court has "suggested that some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of the crime." Id.
In Staples, where there was no express or implied congressional intent, the government argued that the act concerned a public welfare or regulatory offense, which the Court construed to have no mens rea element if the statutes were silent. Id. at 606, 114 S.Ct. 1793. The Court found the statute was not one for which it would find silence indicative of no mens rea element because finding no mens rea element would require the defendant to have knowledge of only traditionally lawful conduct (possession of a firearm). Id. at 610-12, 114 S.Ct. 1793. The Court also found the severe penalty of up to 10 years' imprisonment suggested that Congress did not intend to eliminate the mens rea element. Id. at 616, 114 S.Ct. 1793. The bottom line for the Court was "our holding depends critically on our view that if Congress had intended to make outlaws of gun owners who were wholly ignorant of the offending characteristics of their weapons, and to subject them to lengthy prison terms, it would have spoken more clearly to that effect." Id. at 620, 114 S.Ct. 1793.
Anderson, like Staples, involved the crime of possession of a firearm. 141 Wash.2d at 359, 5 P.3d 1247. In Anderson, this court decided whether second degree unlawful possession of a firearm is a strict liability offense one where knowledge of unlawful possession is not an element. Id. The court recognized that the legislature may create strict liability crimes. Id. at 361, 5 P.3d 1247. To determine whether it did, the court looks to the language of the statute and any legislative history. Id. The court found the statute and legislative history inconclusive on the mens rea element. Id. at 362, 5 P.3d 1247. Given that offenses with no mens rea element are disfavored and "that a statute will not be deemed to be one of strict liability where such construction would criminalize a broad range of apparently innocent behavior," the court found that the legislature did intend for the State to prove a culpable mens rea. Id. at 364, 5 P.3d 1247.
Defendants err in relying on Staples and Anderson because both cases support our holding that we must not imply a mens rea element into the mere possession statute. Both cases state that the legislature has the authority to define crimes. Staples, 511 U.S. at 604, 114 S.Ct. 1793; Anderson, 141 Wash.2d at 361, 5 P.3d 1247. Both cases characterize the issue of whether a statute defines a strict liability crime as an issue of statutory construction and/or legislative intent. Staples, 511 U.S. at 605, 114 S.Ct. 1793; Anderson, 141 Wash.2d at 361, 5 P.3d 1247. Both cases turn to the language of the statute to determine legislative intent. Id. After finding the language inconclusive, Anderson turned to legislative history. Id. at 362, 5 P.3d 1247.
The legislative history of the mere possession statute is clear. The legislature omitted the "knowingly or intentionally" language from the Uniform Controlled Substances Act. The Cleppe court relied on this legislative history when it refused to imply a mens rea element into the mere possession statute. The legislature has amended RCW 69.50.401 seven times since Cleppe and has not added a mens rea element. Given that the legislative history is so clear, we refuse to imply a mens rea element.

C. Possession Does Not Require Knowledge and the Affirmative Defense of Unwitting Possession Does Not Improperly Shift the Burden of Proof
Defendants argue that possession is a term of art of which knowledge is an intrinsic element. They cite Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952), for the proposition that a term of art includes its legal tradition and meanings. While this general proposition may be true, our courts have not construed possession under the mere possession statute as a term of art, and we have specifically *1195 construed the statute not to include knowledge. Cleppe, 96 Wash.2d at 380-81, 635 P.2d 435; State v. Staley, 123 Wash.2d 794, 872 P.2d 502 (1994); State v. Adame, 56 Wash.App. 803, 808 n. 5, 785 P.2d 1144, review denied, 114 Wash.2d 1030, 793 P.2d 976 (1990).
Defendants next rely on a minor in possession of alcohol case involving RCW 66.44.270 to argue that possession involves knowledge. In State v. Hornaday, 105 Wash.2d 120, 713 P.2d 71 (1986), this court relied on precedent from Wisconsin to state that "[a] defendant `possesses' a controlled substance when the defendant knows of the substance's presence, the substance is immediately accessible, and the defendant exercises `dominion or control' over the substance." Id. at 125, 713 P.2d 71 (emphasis added). We then used that definition to determine that a minor who consumed alcohol did not "possess" the alcohol because he did not have control over it in his body. Id. at 127, 713 P.2d 71. Defendants rely on this language to argue that the State must bear the burden of proving knowledge because it is an element of possession and that the affirmative defense of unwitting possession improperly shifts this burden to the defendant. The Hornaday factors have not been applied, nor can they appropriately be applied, to the mere possession statute. The factors were applied to the minor in possession of alcohol statute, and this court relied on case law from Wisconsin, a state that infers knowledge into its possession statute. Id. at 125, 713 P.2d 71; see also State v. Florine, 303 Minn. 103, 104, 226 N.W.2d 609 (1975).
The State has the burden of proving the elements of unlawful possession of a controlled substance as defined in the statutethe nature of the substance and the fact of possession. Staley, 123 Wash.2d at 798, 872 P.2d 502. Defendants then can prove the affirmative defense of unwitting possession. Id. This affirmative defense ameliorates the harshness of a strict liability crime. Cleppe, 96 Wash.2d at 380-81, 635 P.2d 435. It does not improperly shift the burden of proof.

D. Cleppe's Interpretation of the Mere Possession Statute is Constitutional
Defendants argue that Cleppe's interpretation of the mere possession statute is unconstitutional because the statute is vague, criminalizes innocent behavior, and adversely affects the right to intrastate and interstate travel. Defendants also contend that the doctrine of dominion or control is unconstitutionally vague.
The party asserting that a statute is unconstitutionally vague must prove vagueness beyond a reasonable doubt. City of Seattle v. Eze, 111 Wash.2d 22, 26, 759 P.2d 366 (1988). Defendants fail to meet this standard and offer little analysis to support any of their constitutional arguments. As the Court of Appeals stated:
Bradshaw and Latovlovici also assert that without a scienter element, RCW 69.50.401 is unconstitutionally vague and violative of substantive due process principles. But they have not adequately briefed these arguments. They fail to explain how persons of ordinary intelligence would not understand what the statute prohibits, nor do they cite any relevant authority to show how the statute violates substantive due process. Such "naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion."
Bradshaw, 117 Wash.App. 1019, 2003 WL 21322200, at *2 (quoting In re Pers. Restraint of Rosier, 105 Wash.2d 606, 616, 717 P.2d 1353 (1986) (quoting United States v. Phillips, 433 F.2d 1364, 1366 (8th Cir.1970))).

V. CONCLUSION
We affirm the Court of Appeals and uphold Cleppe. Cleppe properly looked to the language of the mere possession statute and because the statute did not have an explicit mens rea element, the court looked to the legislative history. The legislative history for the mere possession statute supports the court's conclusion that no mens rea element should be implied. In the 22 years since Cleppe, the legislature has not added a mens rea element. Where legislative intent is so clear, we will not overrule Cleppe and will not read a mens rea element into the mere possession statute.
ALEXANDER, C.J., and JOHNSON, MADSEN, IRELAND, BRIDGE, CHAMBERS and OWENS, JJ., concur.
*1196 SANDERS, J. (dissenting).
I would overrule State v. Cleppe, 96 Wash.2d 373, 635 P.2d 435 (1981), cert. denied, 456 U.S. 1006, 102 S.Ct. 2296, 73 L.Ed.2d 1300 (1982), to recognize an intent element in the crime of unlawful possession of a controlled substance. RCW 69.50.4013.
Defendants are two truck drivers convicted of unlawful, but unwitting, possession of a controlled substance. Donald Bradshaw drove a borrowed truck across the Washington border at Blaine, where the border patrol found marijuana hidden in a propane tank on the truck. Christian Latovlovici, a commercial truck driver, also drove to the Blaine border crossing in a semitrailer loaded with 18 pallets of beer. Marijuana was found secreted in a void between 2 pallets. If these two knew about the controlled substance each was ferrying across the border, the government didn't prove it. And under the majority's rule, the government need not prove it.
The majority claims the legislature may create unintended strict liability crimes. Majority at 1192. While this may be true, such crimes are disfavored at common law and usually limited to public welfare offenses. State v. Anderson, 141 Wash.2d 357, 363, 5 P.3d 1247 (2000) (citing State v. Bash, 130 Wash.2d 594, 606, 925 P.2d 978 (1996)). In light of this disfavor, and the possibility that strict liability offenses may "criminalize a broad range of apparently innocent behavior," majority at 1194 (quoting Anderson, 141 Wash.2d at 364, 5 P.3d 1247), legislative direction to dispense with criminal intent must be crystal clear. There are two reasons why this legislative direction is insufficiently stated in the present context: uniformity and the nature of "possession."

I. Uniformity between the States Requires Intent To Be Proved
As part of the Uniform Controlled Substances Act, the legislature adopted RCW 69.50.603 at the same time as the unlawful possession statute. This section provides that "[t]his chapter shall be so applied and construed as to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among those states which enact it." RCW 69.50.603. At least 48 states have adopted the Uniform Controlled Substances Act, and all but two (Washington and North Dakota) expressly require knowledge to be proved as an element of unlawful possession. Dawkins v. State, 313 Md. 638, 646-49 nn. 6-7, 547 A.2d 1041 (1988).
But the majority dismisses this, claiming our legislature purposely omitted the words "knowingly or intentionally" from the unlawful possession statute when it adopted the Uniform Controlled Substances Act, thereby eliminating these elements from the crime in Washington. Majority at 1193. Yet while numerous other states did the same, the courts of those states continued to interpret the same unlawful possession statute to require intent. Dawkins, 313 Md. at 647-49, 547 A.2d 1041 (Maryland being one such state).
Alabama courts, for example, have construed their unlawful possession statute[1] to include a mens rea element, McDaniel v. State, 589 So.2d 767, 769 (Ala.Crim.App.1991); see also Walker v. State, 356 So.2d 672 (Ala.1977), considering, among other factors, the seriousness of the penalty, Walker, 356 So.2d at 673. As in Washington,[2] in Alabama unlawful possession of a controlled substance is a class C felony punishable by lengthy prison terms or heavy fines or both.[3] These punishments are severe, and most states have recognized a person should not be punished so harshly for an unintended violation of this law.
Similarly, California courts have construed their unlawful possession statute to include a *1197 mens rea element. People v. Camp, 104 Cal.App.3d 244, 247-48, 163 Cal.Rptr. 510 ("The elements of the crime of unlawful possession of a controlled substance, such as PCP [phencyclidine], are dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character." (emphasis added)), cert. denied, 449 U.S. 960, 101 S.Ct. 373, 66 L.Ed.2d 227 (1980). In Camp the statute in question classified unlawful possession as a misdemeanor,[4] but the court still required intent to be proved.[5]
In light of these more recent developments, Cleppe s conclusion that mens rea is unnecessary under our unlawful possession statute is untenable because RCW 69.50.603 requires uniformity of interpretation with other states, and almost all have required intent to be proved under language very similar to Washington's.
While we should not lightly overrule a precedent that is 23 years old, neither should we hesitate to correct an error that can lead to devastating convictions of the innocent. "Stare decisis is a doctrine developed by courts to accomplish the requisite element of stability in court-made law, but is not an absolute impediment to change." In re Rights to Waters of Stranger Creek, 77 Wash.2d 649, 653, 466 P.2d 508 (1970). A case should be overruled upon "a clear showing that an established rule is incorrect and harmful." Id.
The Cleppe rule meets this standard because it is out of step with national authority in the context of a uniform statute. The facts now before the court illustrate the harmfulness of this ruletwo people convicted of possessing marijuana of which they were never proved to be aware. Washington is nearly alone in its interpretation of the unlawful possession statute; this can scarcely be called a uniform interpretation, and it violates RCW 69.50.603.

II. "Possession" Is a Term of Art that Includes Intent
Words may become terms of art with specific meanings derived from their legal traditions. Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952). The majority rejects the argument that the word "possession" includes a knowledge component, majority at 1194-95, citing to a string of Washington cases beginning with Cleppe that rejects such an interpretation in the context of the unlawful possession statute, id. at 1194-95. But once again, if Cleppe was wrongly decided, the foundation is shaky.
We have interpreted the word "possession" to include a knowledge component: "A defendant `possesses' a controlled substance when the defendant knows of the substance's presence, the substance is immediately accessible, and the defendant exercises `dominion or control' over the substance." State v. Hornaday, 105 Wash.2d 120, 125, 713 P.2d 71 (1986) (emphasis added) (citing In re Interest of R.B., 108 Wis.2d 494, 496, 322 N.W.2d 502 (Ct.App.1982)). The majority dismisses this clear definition of "possession," however, by confining it to its facts (a minor in possession of alcohol) and by frowning upon its reliance on another state's precedent. Majority at 1195. But nothing in the Hornaday definition limits it to a minor possession of alcohol or the statute's forbidding only that conduct. The definition even uses the term "controlled substances"the very subject of this case. I see no reason why this definition cannot "appropriately be applied," id., to this case, nor does the majority supply one. Words should not change meaning because of the result the court desires to achieve.
The majority's reliance on a Wisconsin case cited in Hornaday (a state that infers knowledge into its unlawful possession statute[6]) in no way undermines this conclusion. If anything, it supports the argument that "possession" is a term of art with a knowledge component,[7] even as applied to unlawful possession statutes.
*1198 The Hornaday definition strikes at the very heart of Cleppe and calls into question its holding. The legislature did not need to include "knowingly or intentionally" in the statute since the word "possession" includes a knowledge component. Because of the harsh penalties of unlawful possession, we cannot understand RCW 69.50.4013 to create a strict liability crime "absent express legislative language." State v. Boyer, 91 Wash.2d 342, 344, 588 P.2d 1151 (1979). That required clarity is simply not present in this statute, and so the general disfavor of strict liability crimes has not been overcome.
Moreover, characterizing unwitting possession as an affirmative defense improperly shifts the burden of proof to the defendant and does not cure the problem. Contra majority at 1195.
The first mention of an affirmative defense in a controlled substance case is State v. Helmer, 166 Wash. 602, 8 P.2d 412 (1932), holding the defendant has the burden to prove any exception in the statute criminalizing unlawful possession. Id. at 604, 8 P.2d 412. Specifically, the statute then in effect provided:
"It shall be deemed a violation of this act for any person to have in his or her possession any narcotic drug, or any preparation or compound containing same in unexempt quantities, unless the same shall have been obtained pursuant to this act and to the laws of the Congress of the United States and the rules and regulations now in force or hereafter promulgated thereunder."
Id. at 603, 8 P.2d 412 (emphasis added) (quoting Rem. Comp. Stat. 2509-3 (Supp.1927)). Another provision placed the burden of proving any exception on the defendant: "such exceptions shall be considered as a matter of defense, and the burden shall be upon the defendant to show that he comes within such exceptions." Id. at 604, 8 P.2d 412 (quoting Rem. Comp. Stat. 2509-5 (Supp.1927)). The defendant bore the burden to prove that he had obtained the drug in a lawful manner, which is an affirmative defense clearly defined in the statute.
Nearly 30 years later, we again addressed this issue in State v. Boggs, 57 Wash.2d 484, 358 P.2d 124 (1961). In Boggs we interpreted former RCW 69.33.390 (1959) (repealed by 1971 1st Ex.Sess., ch. 308, 69.50.606) of the Uniform Narcotic Drug Act to require the defendant to prove lawful possession. Id. at 486, 358 P.2d 124. The defendant contended the state must affirmatively prove the possession did not fall within any of the authorized exceptions, but we disagreed. We cited Boggs approvingly in State v. Morris, 70 Wash.2d 27, 422 P.2d 27 (1966). In Morris we held for the first time that the defendant had the burden to prove unwitting possession. Id. at 34, 422 P.2d 27. The relevant statute there said nothing about any "unwitting" defense, using only the clause "except as authorized in this chapter." Former RCW 69.33.230 (1959), repealed by Laws of 1971, 1st Ex.Sess., ch. 308, 69.50.606. The defendant had the burden to prove any authorized defense, but "unwitting" was not such a defense! But the court said, "When possession was thus proved, it became a matter of defense, a burden resting on the appellant, to show to the satisfaction of the jury that his possession of the drug was either unwitting, or authorized by law, or acquired by lawful means in a lawful manner, or was otherwise excusable under the statute." Morris, 70 Wash.2d at 34, 422 P.2d 27 (emphasis added). The courts reference to a statutory affirmative defense for "unwitting" possession was loosely phrased and lacked legislative foundation.
Since Morris, simple citation to past cases suffices as a reason to characterize unwitting possession as an affirmative defense. See, e.g., State v. Staley, 123 Wash.2d 794, 799, 872 P.2d 502 (1994). But this ignores the legislatures repeal of the Uniform Narcotic Drug Act (chapter 69.33 RCW) and replacement with the Uniform Controlled Substances Act (chapter 69.50 RCW). While the statutory language is very similar, compare former RCW 69.33.230 and former 69.33.390 with RCW 69.50.4013 and 69.50.506, the code does not reference "unwitting" possession. The legislative silence, however, is perfectly consistent with a proper understanding of "possession" to include intent. The judicially invented affirmative defense of unwitting possession does not cure the harshness of *1199 what the majority improperly characterizes as a strict liability crime when the legislature did not here create one.
That is the second reason Cleppe should be overruled. It is incorrect and harmful. We should correct this error before more innocent people are convicted of crimes they had no intent to commit. Intent is part of the unlawful possession statute, for "without the mental element of knowledge, even a postal carrier would be guilty of the crime were he innocently to deliver a package which in fact contained a forbidden narcotic." Boyer, 91 Wash.2d at 344, 588 P.2d 1151.
I dissent.
NOTES
[1] When appealed and argued to us, the unlawful possession of a controlled substances statute was codified at RCW 69.50.401(d). The legislature recently recodified the statute as RCW 69.50.4013. LAWS OF 2003, ch. 53, § 334. For clarity, we will refer to the statute as the mere possession statute except where necessary to track the legislative history.
[2] The legislature amended RCW 69.50.401 in 1973 and 1979. LAWS OF 1973, 2d Ex.Sess., ch. 2, § 1; LAWS OF 1979, ch. 67, § 1. The 1979 amendment added a new subsection (c) which changed what was RCW 69.50.401(c) to RCW 69.50.401(d). LAWS OF 1979, ch. 67, § 1. No substantive change was made to the subsection. Id.
[1] Ala.Code § 13A-12-212(a) ("A person commits the crime of unlawful possession of controlled substance if: (1) Except as otherwise authorized, he possesses a controlled substance...."). Compare id. with RCW 69.50.4013(1) ("It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription....").
[2] RCW 69.50.4013(2).
[3] See RCW 9A.20.021; Ala.Code §§ 13A-5-6, 13A-5-11.
[4] Cal. Health & Safety Code § 11377.
[5] See Dawkins, 313 Md. at 647 n. 8, 547 A.2d 1041, for examples of other states that follow the same reasoning.
[6] See State v. Sartin, 200 Wis.2d 47, 53-54, 546 N.W.2d 449 (1996); Wis. Stat. Ann. § 961.41(3g). The majority inexplicably cites a Minnesota case to support this claim. Majority at 1195.
[7] It also strengthens the uniformity argument in section I above.