# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51573-3-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| GLORIA N. INIGUEZ GONZALEZ, | |
| Appellant. | |

GLASGOW, J. — Gloria Iniguez Gonzalez was a passenger in a van where the police found methamphetamine. Iniguez Gonzalez appeals from her conviction for possession of methamphetamine with intent to deliver. She argues that the trial court erred in denying her motion for a mistrial based on an improper statement that a testifying police officer made during testimony. She contends her conviction was supported by insufficient evidence. She also argues that the trial court should have given an instruction on the affirmative defense of unwitting possession in light of a lesser included possession of methamphetamine charge. She challenges the imposition of a criminal filing fee because she is indigent. Iniguez Gonzalez has also filed a statement of additional grounds.

We hold that the trial court did not abuse its discretion in denying Iniguez Gonzalez's motion for a mistrial because the court twice instructed the jury to ignore the improper comment and she was not prejudiced. We hold that her conviction was supported by sufficient evidence because the van where the drugs were found was registered in her name and the drugs were found where she had been sitting. We hold that Iniguez Gonzalez failed to show unwitting possession by a preponderance of the evidence, and so the trial court did not err in denying her request for an instruction. We accept the State's concession that the criminal filing fee should be stricken because Iniguez Gonzalez is indigent. Finally, we conclude that none of the arguments made in the statement of additional grounds warrants reversal.

We affirm Iniguez Gonzalez's conviction and remand for the trial court to strike the criminal filing fee from her judgment and sentence.

## FACTS

The informant was arrested for possession of drugs and stolen property. In exchange for a reduced sentence, he agreed to become an informant. In this capacity, the informant called Eduardo Morales Martinez to set up a meeting that night at the informant's house so he could purchase methamphetamine from Morales Martinez. The informant told the police that Morales Martinez would arrive in a white Honda Odyssey van.

That night, detectives Chad Withrow and Robin Holt set up surveillance and observed a white Honda Odyssey heading in the direction of the informant's house. The driver matched the informant's description of Morales Martinez. A woman, later identified as Iniguez Gonzalez, was in the passenger seat. Withrow and Holt followed the van to a McDonald's and then pulled it over for a defective headlight.

2

As Withrow and Holt approached the van they noticed that Iniguez Gonzalez had moved from the front passenger seat to the back passenger seat and that there was a baby in the back seat. They asked Iniguez Gonzalez where she and Morales Martinez had been going, and she said they were stopping at McDonald's to get food. When Holt confronted her about the fact that there was already McDonald's food in the car, Iniguez Gonzalez said that they were going to buy shoes for the baby. She also told the detectives that she and Morales Martinez were visiting a friend but she could not remember their name or where they lived. Withrow testified that although English was not Iniguez Gonzalez's first language, they were able to converse without issue and it was not until they asked to search the vehicle that she claimed she could not understand English.

While still at the scene, the detectives obtained a warrant to search the van. On the floor below the backseat of the van where Iniguez Gonzalez had been sitting with her baby, the detectives found three bags of methamphetamine. They then arrested Iniguez Gonzalez. The detectives later learned that the van was registered in Iniguez Gonzalez's name.

Iniguez Gonzalez was charged with possession of methamphetamine with intent to deliver, with an enhancement based on the offense being committed within 1,000 feet of a school bus stop.

At trial, Withrow testified, based on his training and experience, about the typical hierarchy of drug trafficking networks, including different levels of drug dealers. At one point Withrow said that the majority of methamphetamine and heroin in Washington comes from Mexico. Iniguez Gonzalez objected and immediately moved for a mistrial on the grounds that the testimony was

highly prejudicial given Iniguez Gonzalez's heritage. After argument outside the presence of the jury, the court declined to grant a mistrial, but sustained the objection and immediately instructed the jury to disregard the statement.

The court instructed the jury to consider the lesser included offense of simple possession should it find Iniguez Gonzalez not guilty of possession with intent to deliver. Because it is an affirmative defense to the lesser included charge of possession, Iniguez Gonzalez requested that the jury be instructed on the defense of unwitting possession, but the court denied her request. The court also instructed the jury again "not to consider statements regarding ethnic origin of persons or property." Clerk's Papers (CP) at 80.

The jury found Iniguez Gonzalez guilty of possession with intent to deliver and that the offense occurred within 1,000 feet of a school bus stop. The court sentenced her to a total of 36 months and one day in prison. The court also imposed a criminal filing fee on Iniguez Gonzalez, who is indigent.

Iniguez Gonzalez appeals her conviction and the imposition of the criminal filing fee as part of her sentence.

ANALYSIS

I. DETECTIVE WITHROW'S TESTIMONY

Iniguez Gonzalez argues the trial court abused its discretion in denying her motion for a mistrial. We disagree.

We review a trial court's denial of a mistrial for abuse of discretion. *State v. Whitaker*, 6 Wn. App. 2d 1, 25, 429 P.3d 512 (2018), *review granted in part*, 193 Wn.2d 1012 (2019). We will find abuse of discretion only when no reasonable judge would have reached the same

conclusion. *Id*. In addition, we will only overturn a trial court's denial of a motion for mistrial when there is a substantial likelihood that the error prompting the request for a mistrial affected the jury's verdict. *Id*.

In *State v. Elkins*, we held that the trial court did not abuse its discretion in denying a motion for a mistrial in part because the trial court directed the jury to disregard the offending statement, and we presume the jury followed the trial court's instructions. 188 Wn. App. 386, 408, 353 P.3d 648 (2015). In less recent cases, we have also examined three factors when determining whether an irregularity warrants a mistrial: (1) seriousness, (2) whether the irregularity involved cumulative evidence, and (3) whether the trial court properly instructed the jury to disregard it. *State v. Garcia*, 177 Wn. App. 769, 776, 313 P.3d 422 (2013). We consider these factors with deference to the trial court because the trial court is in the best position to discern prejudice. *Id.* at 776-77.

Here, Iniguez Gonzalez argues that Withrow's statement that the majority of the methamphetamine and heroin in Washington comes from Mexico prejudicially suggested to the jury that she must be guilty on account of her name and the fact that she used an interpreter throughout trial. Iniguez Gonzalez objected before this line of testimony could proceed any further. The trial court correctly ruled that the comment was improper and accordingly instructed the jury to disregard the statement. Neither Withrow nor the prosecutor suggested a connection to the defendant's guilt or innocence, nor was there any evidence presented to suggest that Iniguez Gonzalez is of Mexican heritage or involved with Mexican drug traffickers.

Applying the *Garcia* factors, although Withrow's comment was improper, it was not so serious as to affect the jury's verdict. The comment was isolated. And just before closing arguments and deliberation, the court again instructed the jury "not [to] consider statements regarding ethnic origin of persons or property." CP at 80. We presume the jury followed those instructions. *Elkins*, 188 Wn. App. at 408. Considering all three factors for evaluating a denial of mistrial, the trial court did not abuse its discretion.

Iniguez Gonzalez claims the jury instruction given just after the motion for mistrial was ambiguous because it told the jury to disregard "the last statement made by the detective," after the parties and the court had proceeded outside the presence of the jury for some time to discuss the motion. Verbatim Report of Proceedings (VRP) (Feb. 14, 2018) at 161. It is clear in context which statement the court was referring to and any lingering confusion on the part of the jury would have been ameliorated by the court's later jury instruction on statements regarding national origin. The trial court was in the best position to determine prejudice, and it concluded that these instructions were sufficient to address the improper comment. *Garcia*, 177 Wn. App. at 776-77.

We hold that Iniguez Gonzalez has not shown a substantial likelihood that Withrow's statement affected the jury's verdict. The trial court did not abuse its discretion in denying her motion for a mistrial.[1]

---

[1] Iniguez Gonzalez also seems to argue that the court erred in admitting other testimony from Withrow about the typical hierarchy of drug sale operations, on the basis that it was not relevant and was unfairly prejudicial. Because this claim was not included in her assignments of error we decline to consider it. RAP 10.3(a)(4); *see also Ang v. Martin*, 154 Wn.2d 477, 486-87, 114 P.3d 637 (2005).

II. Sufficiency of the Evidence

Iniguez Gonzalez argues that there was insufficient evidence to support her conviction for possession of methamphetamine with intent to deliver. We disagree.

Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency admits the truth of the State's evidence. *Id.* We draw all reasonable inferences in favor of the State and interpret them most strongly against the defendant. *Id.* We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Pinkney*, 2 Wn. App. 2d 574, 580, 411 P.3d 406 (2018).

To prove possession of methamphetamine with intent to deliver, the State had to show Iniguez Gonzalez possessed methamphetamine with the intent to deliver it. RCW 69.50.401(1), (2)(b).[2] The trial court instructed the jury consistent with this definition and also instructed the jury on accomplice liability. A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of the crime, they aid or agree to aid another person in planning or committing the crime. RCW 9A.08.020(3)(a)(ii); 11 Wash. Practice: Wash. Pattern Jury Instrs.: Criminal 10.51 (2016).

Iniguez Gonzalez argues that the State's evidence at best showed only that she was present

---

[2] The legislature amended RCW 69.50.401 in 2019. Because the relevant language has not changed, we cite to the current version of this statute.

and aware that there were drugs in the van that Morales Martinez planned to sell to the informant, but there was no evidence to suggest that she acted as an accomplice. But the van was registered in her name and the drugs were found on the floor where she had been sitting. It was reasonable for the jury to infer from these facts that Iniguez Gonzalez provided her van to Morales Martinez to deliver the drugs to the informant and that she was aiding him in that endeavor. She also provided inconsistent explanations to the police at the scene about why she and Morales Martinez were in the area and what they were doing, so it was reasonable for the jury to draw inferences about her guilt. We defer to the jury's determination regarding Iniguez Gonzalez's credibility and the persuasiveness of the State's evidence. *Pinkney*, 2 Wn. App. 2d at 580.

Drawing all reasonable inferences in favor of the State, the evidence supported a conclusion that Iniguez Gonzalez provided her van and was aiding in the delivery of drugs, and therefore acted as an accomplice. For the reasons stated above, we hold that Iniguez Gonzalez's conviction for possession with intent to deliver was supported by sufficient evidence.

### III. UNWITTING POSSESSION INSTRUCTION

Iniguez Gonzalez contends the trial court erred when it denied her request to have the jury instructed on the defense of unwitting possession with respect to her lesser included charge of simple possession of methamphetamine. We disagree.

Unlawful possession of a controlled substance is a strict liability crime that requires the State to prove the nature of the substance and the fact of possession. *State v. Bradshaw*, 152 Wn.2d 528, 538, 98 P.3d 1190 (2004). To ameliorate the harshness of strict liability, the defendant may raise the affirmative defense that possession was unwitting. *Id.*

8

A defendant in a criminal case is entitled to have the trial court instruct the jury on their theory of the case if there is evidence to support the theory. *State v. George*, 146 Wn. App. 906, 915, 193 P.3d 693 (2008). A trial court errs by not instructing the jury on the requested defense when evidence supporting the defense is adduced at trial. *Id.* The requested defense must be considered in light of all the evidence presented at trial, regardless of which party presented it. *Id.*

Iniguez Gonzalez argues that, although the evidence supported a conclusion that she was aware of the drugs in the van, it also equally supported the conclusion that she did not know about the drugs. She reasons that the informant set up the drug deal with Morales Martinez, not her, and that the informant did not claim that she ever participated in previous drug deals or was aware of what was happening.

Iniguez Gonzalez was the registered owner of the vehicle where the drugs were found and the drugs were in plain view on the floor under her seat when the police opened the door. Withrow testified: "I didn't have to search for it at all. I mean, it was just right there." VRP (Feb. 14, 2018) at 202. There was no evidence that she reacted with surprise when police found the methamphetamine. Even interpreting the evidence in her favor, Iniguez Gonzalez has failed to show evidence of unwitting possession in this record. Therefore, we conclude that she was not entitled to the instruction and the trial court did not err when it denied her request for the instruction.

IV. LEGAL FINANCIAL OBLIGATIONS

Iniguez Gonzalez challenges the imposition of the criminal filing fee. The State concedes error. We accept the State's concession and remand to strike the criminal filing fee.

In 2018, the legislature amended former RCW 36.18.020(h) to prohibit the imposition of the criminal filing fee if a defendant is indigent as defined in RCW 10.101.010(3) (a) through (c). LAWS OF 2018, ch. 269, § 17. Our Supreme Court has held that the 2018 amendments to the legal financial obligation statutes apply to cases pending on direct review and not final when the amendments were enacted. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

The 2018 amendments apply here because this case was not final when the amendments took effect. *Id*. The State concedes that Iniguez Gonzalez is indigent under RCW 10.101.010(3) (a) through (c). The criminal filing fee should therefore be stricken from her judgment and sentence.

## V. STATEMENT OF ADDITIONAL GROUNDS

Iniguez Gonzalez raises several issues in her statement of additional grounds. First, she argues that a number of jurors should have been excused because of their strong feelings on drugs and drug dealing. However, she has not shown that the jurors who were actually selected were the same people about whom she has concerns. We reject this argument.

She also seems to argue that the school bus stop enhancement was improperly imposed because it was measured from where she and Morales Martinez were stopped, rather than from the informant's home. We reject this argument because the jury found there was a school bus stop within 1,000 feet from where the crime was occurring when it was discovered by the police. Thus, the enhancement was not improper.

Iniguez Gonzalez also seems to suggest other errors related to jury selection and the prosecutor's conduct. Although RAP 10.10 does not require her to refer to the record or cite authority, it does require her inform us of the "nature and occurrence of the alleged errors." These

assertions of error are too vague to allow us to identify the issues and seem to reference facts not in the record. We therefore do not reach her remaining claims.

CONCLUSION

We affirm Iniguez Gonzalez's conviction and remand for the trial court to strike the criminal filing fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, C.J.

Melnick, J.