

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36034-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LESLIE LEE PITTMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Leslie Pittman appeals from his conviction for possession of a controlled substance, raising either well-settled or moot claims. We affirm the conviction, but remand to strike certain financial matters from the judgment and sentence.

FACTS

Mr. Pittman was convicted by a jury in the Spokane County Superior Court that rejected his theory of unwitting possession. The jury was instructed that to convict Mr. Pittman, the State needed to prove that he "possessed methamphetamine." Clerk's Papers at 100. There was no objection to the instruction.

At sentencing, the court included six prior Texas convictions in the offender score, resulting in an offender score of 9. The defense stipulated that four of the convictions were comparable and counted in the offender score, but challenged two "unauthorized

use of a vehicle" convictions.  Although sentenced to 23 months in prison, Mr. Pittman

was released on the day of sentencing due to credit for time served.

He appealed to this court.  A panel considered his case without hearing argument.

ANALYSIS

Mr. Pittman argues both that the drug possession statute is unconstitutional unless

a mens rea is read into it and that the court erred in considering his prior Texas

convictions when calculating the offender score.  The first argument is precluded by

precedent and the second is moot.

*Drug Possession Elements*

The jury was instructed, consistent[1] with RCW 69.50.4013, that it had to find that

Mr. Pittman "possessed methamphetamine."  He argues that the absence of a mens rea

element renders the statute unconstitutional since the affirmative defense of unwitting

possession shifts the burden of proof to the defendant.  He cites no relevant authority for

this proposition.

The Washington Legislature did not include a knowledge element in the unlawful

possession statute.  Our court subsequently concluded that the omission was intentional

and that a knowledge element should not be read into the statute.[2]  *State v. Cleppe*, 96

---

[1] "It is unlawful for any person to possess a controlled substance."  RCW 69.50.4013.
[2] In order to ameliorate the harshness of strict liability, the court created a common law defense of unwitting possession.  *State v. Cleppe*, 96 Wn.2d 373, 380-381, 635 P.2d 435 (1981).

2

Wn.2d 373, 635 P.2d 435 (1981). Reviewing the issue a generation later, our court again concluded that *Cleppe* was correctly decided. *State v. Bradshaw*, 152 Wn.2d 528, 98 P.3d 1190 (2004).[3] Those decisions are binding on this court. *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

The arguments Mr. Pittman raises now were expressly rejected by *Bradshaw*. 152 Wn.2d at 533-539. Since this court lacks authority to overrule that decision, he must ask that court to do so.

The conviction is affirmed.

*Sentencing Claims*

Mr. Pittman raises several sentencing-related arguments: (1) the two Texas unauthorized use of a motor vehicle offenses were improperly included in the offender score, (2) his counsel erred in stipulating to the remaining Texas convictions, and (3) certain financial obligations are improper.

The two offender score calculation issues are moot. An issue is moot if a court can no longer give effective relief. *E.g.*, *In re Det. of LaBelle*, 107 Wn.2d 196, 200, 728 P.2d 138 (1986). That is the situation here. Mr. Pittman has already served his sentence.

---

[3] After *Bradshaw*, our legislature rejected an effort to amend the drug possession statute to require the State to prove knowing possession. *See* H.B. 1695, 61st Leg., Reg. Sess. (Wash. 2009).

No. 36034-2-III
*State v. Pittman*

Recalculation of his offender score, the remedy if he were to succeed on the merits of his arguments, would not change the fact that his sentence has been served.

The State agrees with Mr. Pittman that revisions to our sentencing laws require the court to strike the criminal filing fee and the DNA collection fee. *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The same revisions also require the court to strike the interest accrual provision of the judgment and sentence.

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Pennell, C.J.

Siddoway, J.