# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53482-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JAY ROBERT SPADONI, | |
| Appellant. | |

MAXA, P.J. – Jay Spadoni appeals his conviction of unlawful possession of methamphetamine. He argues that the trial court erred in admitting inculpatory statements he made when police officers questioned him without giving him *Miranda*[1] warnings. We conclude that even if the trial court erred in admitting those statements, any error was harmless. Accordingly, we affirm Spadoni's conviction.

## FACTS

On March 14, 2019, Sergeant Trey Holden of the Port Orchard Police Department responded to a call that a naked man was in the reporting party's bedroom. Holden believed that he was dispatched to investigate criminal activity. Because he suspected that the naked man

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

might be in a state of excited delirium, Holden called for an ambulance to stand by at the scene. When he arrived, Holden noticed clothes strewn on the ground outside the house.

Holden and Officer David Huibregtse entered the residence with their weapons drawn in a "low ready" position. Clerk's Papers (CP) at 128. They proceed to the bedroom where they found Spadoni seated on the bed, naked, and calm. The officers positioned themselves so Spadoni could not leave the room. They then holstered their guns. Holden did not advise Spadoni of his *Miranda* rights.

Holden then asked Spadoni several questions, such as "What's up?"; "[W]hat are you doing?"; "[W]hose room is this?"; and "What's your name?" CP at 128. Holden answered that he was "on a mission from God" and that he was there "to do what he was instructed to do by Jesus Christ," which included having sex with a beautiful woman. CP at 128.

Spadoni's response caused Holden to be concerned with Spadoni's mental state and to wonder whether he should take Spadoni to a mental health facility. He was mindful of and attentive to his community caretaking function. Holden then asked Spadoni a series of questions that he knew the aid crew would need about what he had eaten, what day it was, and whether he had taken any drugs or alcohol. Spadoni admitted that he had taken a "holy substance" that the police might call a drug even though he did not. CP at 129. Holden said that he needed to know what substance he had taken to tell the aid crew, and Spadoni replied, "meth." CP at 129.

Holden then had Spadoni get dressed in the clothes he had seen outside the house. Spadoni identified the clothes as his. The officers handcuffed Spadoni and escorted him to the aid crew. After the aid crew examined Spadoni, Huibregtse arrested him, took him to the jail, and discovered a bag of methamphetamine in Spadoni's pants pocket during the intake process.

The State charged Spadoni with unlawful possession of a controlled substance. In a CrR 3.5 hearing, Spadoni claimed that his statements to the police were the product of custodial interrogation and that the police had failed to give him *Miranda* warnings. The court determined that Spadoni's statements were admissible, ruling that *Miranda* warnings were not required because there was no custodial interrogation.

At trial, Spadoni testified that the bag of methamphetamine was not in his pants pocket that day. He testified that while he was walking to the residence earlier that day, he put his hands in his pockets multiple times and all that was there was a cash card and his driver's license. However, he admitted that he smoked methamphetamine that evening, and that the clothes he put on were his.

The trial court instructed the jury on unwitting possession. The jury returned a guilty verdict. Spadoni appeals his conviction.

ANALYSIS

Spadoni argues that because Holden did not inform him of his constitutional rights before being subject to custodial interrogation, his statements should have been suppressed. We need not address this argument because we hold that any alleged error was harmless.

Because *Miranda* warnings are a constitutional requirement, the State must prove that admitting Spadoni's statements was harmless beyond a reasonable doubt. *Arizona v. Fulminante*, 499 U.S. 279, 292-97, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991). We must be convinced beyond a reasonable doubt that the untainted evidence is so overwhelming it necessarily leads to a finding of guilt. *State v. Keodara*, 191 Wn. App. 305, 318, 364 P.3d 777 (2015). An error of constitutional magnitude is harmless "if, in light of the entire trial record, we

3

are convinced that the jury would have reached the same verdict absent the error." *State v. Romero-Ochoa*, 193 Wn.2d 341, 348, 440 P.3d 994 (2019), *cert. denied*, 141 S. Ct. 398 (2020).

The State offered Spadoni's statement that he had used methamphetamine to prove that the methamphetamine found in his pants pocket was his. The State also used Spadoni's statement that the clothes in which the methamphetamine was found were his to argue that the methamphetamine belonged to Spadoni. Finally, the State used Spadoni's statements to attack the credibility of his testimony that he did not have methamphetamine in his pants pocket.

The offense of possession of a controlled substance has no mens rea requirement. *State v. Bradshaw*, 152 Wn.2d 528, 532-34, 98 P.3d 1190 (2004). However, a defendant can assert an unwitting possession defense. *See State v. Sandoval,* 8 Wn. App. 2d 267, 281, 438 P.3d 165, *review denied*, 193 Wn.2d 1028 (2019). Because the methamphetamine was found on Spadoni's person, the only issue at trial was his unwitting possession defense.

We conclude that the any error in admitting Spadoni's statements was harmless. The untainted evidence was overwhelming because the methamphetamine was found in clothing Spadoni was wearing that was located immediately outside the residence in which Spadoni was found naked. And Spadoni testified that they were his clothes. Further, Spadoni himself testified to the same facts made in the statements that he argues should have been excluded: that he smoked methamphetamine that evening and that the clothes he put on were his. And Spadoni had little choice but to testify in order to support his unwitting possession defense.

We are convinced beyond a reasonable double that even if the trial court erred in admitting Spadoni's statement, that error was harmless.

## CONCLUSION

We affirm Spadoni's conviction.

4

No. 53482-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

GLASGOW, J.

CRUSER, J.

5