[No. 40489-0-I.   Division One.   November 30, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD LEWIS
BUFORD, *Appellant*.

*Robert W. Goldsmith*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Shannon D. Anderson, Deputy*, for respondent.

KENNEDY, C.J. — Ronald Lewis Buford was convicted of possession of cocaine based on a small amount of cocaine residue found in a crack pipe that the police seized from him. He appeals, contending that the trial court erred in refusing to submit an unwitting possession instruction to the jury.[1] We hold that the trial court did not err because the evidence presented at trial was not sufficient to permit a reasonable juror to find, by a preponderance of the evidence, that Buford unwittingly possessed the cocaine found in the crack pipe. Accordingly, we affirm his conviction.

## FACTS

The State charged Buford with possession of cocaine based on a small amount of cocaine residue found in a crack pipe that the police seized from under Buford's hat. At trial, Buford did not present any evidence to rebut the State's case-in-chief, but did request an unwitting possession instruction that he patterned after WPIC 52.01:

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did not know that the substance was in his possession or did not know the nature of the substance.

> The burden is on the defendant to prove by a preponder-

---

[1] We address Buford's other contentions in the unpublished portion of this opinion.

ance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

Clerk's Papers at 37. The trial court refused to give the instruction, citing the lack of evidence to support Buford's claim that he unwittingly possessed the cocaine: "There is no evidence by which the trier of fact could infer or determine that the possession was unwitting." Report of Proceedings at 221. The jury returned a guilty verdict, and the trial court sentenced him within the standard range. Buford appeals his conviction.

## DISCUSSION

■ "Generally, an instruction can be given to the jury if evidence exists to support the theory upon which the instruction is based." *State v. Trujillo*, 75 Wn. App. 913, 917, 883 P.2d 329 (1994), *review denied*, 126 Wn.2d 1008 (1995). But no Washington court has specifically held what quantum of evidence is necessary before a criminal defendant is entitled to an unwitting possession instruction. Therefore, we must resolve this issue before deciding whether the trial court erred in refusing Buford's proposed unwitting possession instruction.

Buford, pointing to the law of self-defense, contends that "any evidence" of unwitting possession should entitle a criminal defendant to an unwitting possession instruction. *See State v. Janes*, 64 Wn. App. 134, 139, 822 P.2d 1238 (1992) (citation omitted), *aff'd*, 121 Wn.2d 220, 850 P.2d 495, 22 A.L.R.5TH 921 (1993).

■ ■ As an initial matter, it should be noted that although unwitting possession and self-defense are analogous to the extent they are both affirmative defenses, the two defenses are not analogous in terms of their respective burdens of proof. "Unwitting possession is a judicially created affirmative defense that may excuse the defendant's behavior, notwithstanding the defendant's violation of the

letter of the statute." *State v. Balzer,* 91 Wn. App. 44, 67, 954 P.2d 931, 942 (1998). "'To establish the defense, the defendant must prove, by a preponderance of the evidence, that his or her possession of the unlawful substance was unwitting." *Id.* (citing *State v. Riker,* 123 Wn.2d 351, 368, 869 P.2d 43 (1994)); *see also State v. Michlitsch,* 438 N.W.2d 175, 178 (N.D. 1989). Self-defense, on the other hand, negates the culpable mental states of intent, knowledge, recklessness, and criminal negligence. *State v. Dyson,* 90 Wn. App. 433, 437-38, 952 P.2d 1097 (1997). As a result, if one of these mental states is an element of the crime charged, "the State must prove the absence of self-defense beyond a reasonable doubt[.]" *Id.* at 437.

The unwitting possession defense is analogous to the affirmative defense of entrapment in terms of their respective burdens of proof. That is, entrapment, like unwitting possession, "is a defense that admits that the defendant committed the crime and seeks to excuse the unlawful conduct." *State v. Chapin,* 75 Wn. App. 460, 471 n.20, 879 P.2d 300 (1994), *abrogated on other grounds by State v. Ladson,* 86 Wn. App. 822, 939 P.2d 223 (1997). And to establish the defense, the defendant must prove, by a preponderance of the evidence, that he or she was entrapped, i.e., he or she was induced into committing the crime by law enforcement agents and otherwise would not have committed the crime. *State v. Lively,* 130 Wn.2d 1, 10-13, 921 P.2d 1035 (1996).

■ Regarding the quantum of evidence necessary to entitle a criminal defendant to an entrapment instruction, this court has held that the "defendant must present evidence which would be sufficient to permit a reasonable juror to conclude that the defendant has established the defense of entrapment by a preponderance of the evidence." *Trujillo,* 75 Wn. App. at 917. Similarly, the North Dakota Supreme Court has held that the law of North Dakota—which adopted its unwitting possession defense from Washington law, and requires the defendant to prove unwitting possession by a preponderance of the evidence—does

not require a trial court to submit an unwitting possession instruction to the jury unless there is sufficient evidence for a reasonable juror to find that the defendant's possession was unwitting. *Michlitsch*, 438 N.W.2d at 177-79. We find these cases persuasive and hold that a criminal defendant is not entitled to an unwitting possession instruction unless the evidence presented at trial is sufficient to permit a reasonable juror to find, by a preponderance of the evidence, that the defendant unwittingly possessed the contraband.

In this case, the only evidence that could arguably support Buford's claim that he unwittingly possessed the cocaine is that the amount of cocaine seized was small and had to be scraped out of the crack pipe with a scalpel. But this evidence, without more, does not support an inference that Buford unwittingly possessed the cocaine. In fact, as the State contends, Buford's proposed instruction would have invited the jury to engage in speculation or conjecture:

> Without receiving *some* basic facts — such as where did the defendant get the pipe, how long had he been carrying the pipe, did he express dismay that he possessed the pipe, why was he carrying the pipe under his hat, did he know what the pipe was used for, and did he know what cocaine looked like — the jury could not have properly utilized [Buford's proposed unwitting possession] instruction.

Resp't's Br. at 17. Therefore, as the trial court found, the evidence was not sufficient to permit a reasonable juror to find, by a preponderance of the evidence, that Buford unwittingly possessed the cocaine. Accordingly, the trial court properly refused to give the unwitting possession instruction that Buford requested.

Affirmed.

A majority of the panel having determined that the remainder of this opinion lacks precedential value and will not be printed in the Washington Appellate Reports but will be filed for public record in accord with RCW 2.06.040, it is so ordered.

154

WEBSTER and BAKER, JJ., concur.