IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASINGTON, | ) | |
| | ) | No. 31115-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN M. PARKER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Brian Parker challenges his conviction for possession of methamphetamine, arguing that the evidence was insufficient and that his possession was unwitting. The evidence supported the jury's verdict.

FACTS

Mr. Parker was arrested after officers investigating another suspect witnessed him drive up to her residence. The two soon left and got into Mr. Parker's car. Prior to leaving, Mr. Parker exited the driver's seat, accessed the trunk with a key, and then returned to the driver's seat and drove off. Officers stopped the car to arrest the passenger. While one officer arrested her, the other officer made contact with Mr. Parker. The officer smelled marijuana coming from the car. After asking him to exit the vehicle, the officer smelled

marijuana on Mr. Parker's person. Mr. Parker told the officer he had a marijuana pipe on him. He was placed under arrest. The police obtained a search warrant for the car and discovered a small black travel bag in the trunk that contained methamphetamine.

Mr. Parker was charged with one count of possession of methamphetamine. The case proceeded to a jury trial. Although he did not testify, Mr. Parker received a jury instruction on unwitting possession. (RP 210-11.) The jury found Mr. Parker guilty as charged. He then timely appealed to this court.

## ANALYSIS

Mr. Parker contends that there was insufficient evidence to support the jury's determination that he possessed methamphetamine. In the alternative, he contends that he demonstrated unwitting possession of the methamphetamine. These arguments are two sides of the same coin and we address them together.

In determining whether evidence is sufficient to sustain a conviction, we review the evidence in the light most favorable to the State. *State v. Wentz*, 149 Wn.2d 342, 347, 68 P.3d 282 (2003). The relevant question is "whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Id.* In claiming insufficient evidence, the defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from it. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Appellate courts defer to the trier-of-fact on issues of

2

conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

The only element at issue is whether Mr. Parker possessed the methamphetamine.[1] Possession may be actual or constructive. "Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods are not in actual, physical possession, but that the person charged with possession has dominion and control over the goods." *State v. Callahan*, 77 Wn.2d 27, 28, 459 P.2d 400 (1969).

Dominion and control are determined by the totality of the circumstances; no single factor is dispositive. *State v. Cote*, 123 Wn. App. 546, 549, 96 P.3d 410 (2004). One aspect of dominion and control is "the ability to reduce an object to actual possession." *State v. Turner*, 103 Wn. App. 515, 521, 13 P.3d 234 (2000). Additionally, constructive possession of contraband exists if the defendant had dominion and control over the contraband or over the premises where it was found. *Id.* For purposes of this inquiry, a vehicle is a "premises." *Id.* Sufficient evidence of constructive possession

---

[1] Unlawful possession of a controlled substance does not have a knowledge element. *State v. Bradshaw*, 152 Wn.2d 528, 538, 98 P.3d 1190 (2004).

3

(and dominion and control), exists when the defendant was either the owner of the premises or the driver/owner of the vehicle where contraband was found.[2]

Here, Mr. Parker demonstrated the ability to reduce the methamphetamine to actual possession. He possessed the keys to the car—including the trunk—that he drove to the scene. He was also seen accessing the trunk—where the methamphetamine was later found—just before he was stopped. His passenger was never seen possessing the bag or using the trunk. He also was the owner and operator of the vehicle. Sufficient evidence existed for the jury to find Mr. Parker in constructive possession of the methamphetamine.

---

[2] *See Turner*, 103 Wn. App. at 521 (Defendant's admission that he had been driving truck in which rifle was found in open case on back seat and that he knew rifle was there, together with other evidence that defendant was in close proximity to rifle, knew of its presence, was able to reduce it to his possession, owned and had been driving truck in which rifle was found, was sufficient to support constructive possession); *State v. Bowen*, 157 Wn. App. 821, 828, 239 P.3d 1114 (2010) (knowledge of firearm, ownership of vehicle in which the firearm was found as well as close proximity to firearm, were sufficient to support possession notwithstanding someone else claimed ownership of firearm); *State v. McFarland*, 73 Wn. App. 57, 70, 867 P.2d 660 (1994) (knowing transportation of guns in defendant's vehicle sufficient for constructive possession); *State v. Reid*, 40 Wn. App. 319, 326, 698 P.2d 588 (1985) (sufficient evidence existed where the defendant admitted having a pistol in his car and testified that he moved it to the back so it would not be seen by police who were pursuing him); *State v. Echeverria*, 85 Wn. App. 777, 783, 934 P.2d 1214 (1997) (sufficient evidence existed where gun was in plain sight at the defendant's feet and within his reach).

Mr. Parker also asserts that even if the State proved its case, he produced sufficient evidence to demonstrate that his possession was unwitting. The jury disagreed, and so do we.

Unwitting possession is an affirmative defense to unlawful possession of a controlled substance. *Bradshaw*, 152 Wn.2d at 538. To avail himself of this defense, the defendant must prove by a preponderance of the evidence that possession of the controlled substance was unwitting. *State v. Buford*, 93 Wn. App. 149, 152, 967 P.2d 548 (1998).

Mr. Parker bore the burden of proving by a preponderance of the evidence that he did not know he was in possession of the methamphetamine or that he did not know the nature of the substance within the travel bag. Mr. Parker did not take the stand, nor did he produce any witnesses to testify that he did not know the nature of the items in the bag. Under these circumstances, it is difficult to understand why the trial court even gave the unwitting possession instruction. It is quite understandable why the jury did not accept it. More to the point, this court simply is not in a position to second guess the jury's decision not to find unwitting possession.

The conviction is affirmed.

No. 31115-5-III
*State v. Parker*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, J.

_____
Siddoway, C.J.

6