**FILED**
**APRIL 28, 2015**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31829-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| THOMAS A. CURTIS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Thomas Curtis appeals his conviction for unlawful possession of a controlled substance, methamphetamine. He contends that the trial court erred in refusing to instruct the jury on his proposed defense of unwitting possession. We agree. Because we cannot conclude that the error was harmless, we reverse.

## FACTS

On October 5, 2012, Wenatchee Police Officer Gregory Renggli arrested Thomas Curtis pursuant to an arrest warrant and a no contact order violation. During a search incident to arrest, the officer found two pipes in Mr. Curtis's right front pants pocket. Mr. Curtis told the officer that he had recently used the pipes to smoke marijuana. Officer Renggli continued to search Mr. Curtis and found a glass pipe with white residue in Mr.

Curtis's left front pants pocket. According to Officer Renggli, Mr. Curtis told him he had recently used that pipe to smoke methamphetamine.

In the holding cell at the jail, Officer Renggli noticed that Mr. Curtis's right hand was clasped when the officer tried to remove the right handcuff. The officer looked down and did not see anything on the floor. As the officer took off the left handcuff, Mr. Curtis dropped something and told Officer Renggli there were baggies on the floor. Officer Renggli observed small baggies with what he believed contained methamphetamine. A corrections officer later testified that he saw Mr. Curtis drop something plastic on the floor of the holding cell. He alerted Officer Renggli who picked up the three baggies from the floor. The Washington State Crime Laboratory confirmed that the residue in the pipe and the powder in one of the baggies was methamphetamine.

The State charged Mr. Curtis with one count of possession of a controlled substance (methamphetamine) and use of drug paraphernalia.

At trial, Mr. Curtis testified that on the day of his arrest he had gone to a shopping mall and run into a friend, Margaret Horn. According to Mr. Curtis, Ms. Horn asked him to hold the pipe that contained the methamphetamine residue, but did not tell him that it contained methamphetamine. When asked why he took the pipe, he answered, "I don't know. I just, I always tried being a friend with her and it just, you know help her out."

2

Report of Proceedings (RP) at 228. Mr. Curtis denied knowing anything about the

baggies that were found on the floor of the jail or their contents. Mr. Curtis also denied

telling Officer Renggli that he had smoked methamphetamine in the pipe with the white

residue.

During cross-examination, the prosecutor questioned Mr. Curtis as follows:

> [PROSECUTOR]: Now the nature of this pipe. This isn't a tobacco
> pipe. Would you agree with that?
> CURTIS: Uh, yeah. But I . . .
> [PROSECUTOR]: This is what you normally smoke tobacco with?
> CURTIS: No.
>  . . . .
> [PROSECUTOR]: In fact, you had marijuana pipes that are
> somewhat similar in nature. Would you agree with that?
> CURTIS: Yeah.
> [PROSECUTOR]: Ok. But this . . . you would recognize this [as] a
> drug pipe. Would you not?
> CURTIS: You know, a little pipe for marijuana residue. The opium
> type stuff.
>  . . . .
> [PROSECUTOR]: Ok. So this is an illegal pipe. Whether it be
> marijuana. Whether it be methamphetamine. Heroin, whatever. Would
> you agree with that?
> CURTIS: Yeah.
> [PROSECUTOR]: Ok. So for a person that you have . . . not
> supposed to have contact with.[1] Ok? Hands you an illegal pipe. Can you
> tell the jury why you would accept that from her?
> CURTIS: I just did. . . I don't know. I thought I was doing her a
> favor and it didn't turn out that way.

---

[1] A restraining order prohibited Mr. Curtis from having contact with Ms. Horn.

No. 31829-0-III
*State v. Curtis*

> [PROSECUTOR]: So what did you think was in this?
> CURTIS: I didn't think. I just . . . I've never smoked meth myself.
> So I had no clue.
> [PROSECUTOR]: You've seen meth before.
> CURTIS: I've seen a white powder in a baggy.
> [PROSECUTOR]: And this doesn't look like marijuana residue.
> It's white. Right?
> CURTIS: Yeah.

RP at 235-36 (some alterations in original).

At the close of trial, the trial court refused to give an unwitting possession

instruction, explaining:

> Testimony from Mr. Curtis was that he knew it was a pipe. Knew it was a
> pipe used to ingest an illegal substance. He thought it was marijuana as
> opposed to methamphetamine. . . . I think he probably, under the law has
> that duty. So I'm not going to give the instruction.

RP at 247.

Defense counsel objected, arguing:

> I think the case law is clear that it is not only whether or not you have the
> item in your possession, but know the nature of the substance. And I think
> that's especially important in Washington law. Because, I believe, it's a
> sentencing issue. . . . You know clearly, having illegal possession of
> marijuana would be a misdemeanor. Whereas, this is a class "C" felony.

RP at 248.

During deliberations, the jury asked whether the pipe residue could be considered a

controlled substance. The judge informed the jury that pipe residue could be considered a

4

controlled substance if it contained methamphetamine. The jury found Mr. Curtis guilty

of possession of an unlawful substance, methamphetamine.

## ANALYSIS

Mr. Curtis testified that he did not know that the substance in the pipe was

methamphetamine. He argues that the trial court erred by preventing him from raising his

defense when it refused to instruct the jury on unwitting possession.

To convict Mr. Curtis of the offense of possession of a controlled substance,

methamphetamine, the State was required to prove the nature of the substance and

possession by the defendant. RCW 69.50.401; RCW 69.50.4013(1); *State v. Staley*, 123

Wn.2d 794, 798, 872 P.2d 502 (1994). "Once the State establishes prima facie evidence

of possession, the defendant may, nevertheless, affirmatively assert that his possession of

the drug was 'unwitting.'" *Staley*, 123 Wn.2d at 799.

We review de novo a trial court's refusal to grant a jury instruction based on a

ruling of law; however, where the refusal to grant an instruction is based on a matter of

fact, our review is only for an abuse of discretion. *State v. Walker*, 136 Wn.2d 767, 771-

72, 966 P.2d 883 (1998).

As a general rule, a trial court must instruct on a party's theory of the case if the

proposed instruction accurately states the law and evidence supports it; the failure to do

so is reversible error. *State v. Otis*, 151 Wn. App. 572, 578, 213 P.3d 613 (2009). "A defendant raising an affirmative defense must offer sufficient admissible evidence to justify giving an instruction on the defense." *Id.* "In evaluating whether the evidence is sufficient to support a jury instruction on an affirmative defense, the court must interpret it most strongly in favor of the defendant and must not weigh the proof or judge the witnesses' credibility, which are exclusive functions of the jury." *State v. May*, 100 Wn. App. 478, 482, 997 P.2d 956 (2000).

"'Unwitting possession is a judicially created affirmative defense that may excuse the defendant's behavior, notwithstanding the defendant's violation of the letter of the statute.'" *State v. Buford*, 93 Wn. App. 149, 151-52, 967 P.2d 548 (1998) (quoting *State v. Balzer*, 91 Wn. App. 44, 67, 954 P.2d 931 (1998)). The defense serves to ameliorate the harshness of the strict liability crime of possession of a controlled substance. *State v. Bradshaw*, 152 Wn.2d 528, 533, 98 P.3d 1190 (2004) (quoting *State v. Cleppe*, 96 Wn.2d 373, 381, 635 P.2d 435 (1981)). A criminal defendant is not entitled to an unwitting possession instruction unless the evidence presented at trial is sufficient to permit a reasonable juror to find, by a preponderance of the evidence, that the defendant unwittingly possessed the contraband. *Buford*, 93 Wn. App. at 152-53. Specifically, the defendant must demonstrate either that he did know he was in possession of the

6

controlled substance or that he did not know the nature of the substance. *Staley*, 123

Wn.2d at 799. If the defendant establishes that "his 'possession' was unwitting, then he

had no possession for which the law will convict." *Cleppe*, 96 Wn.2d at 381. The court's

failure to give such an instruction constitutes reversible error. *Otis*, 151 Wn. App. at 578.

11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 52.01, at

1007 (3d ed. 2008) provides:

> A person is not guilty of possession of a controlled substance if the
> possession is unwitting. Possession of a controlled substance is unwitting if
> a person [did not know that the substance was in [his] [her] possession] [or]
> [did not know the nature of the substance].
> The burden is on the defendant to prove by a preponderance of the
> evidence that the substance was possessed unwittingly. Preponderance of
> the evidence means you must be persuaded, considering all of the evidence
> in the case, that it is more probably true than not true.

Thus, to be entitled to an unwitting possession jury instruction based on not

knowing the nature of the substance, there must have been some evidence presented at

trial that Mr. Curtis knew he possessed the residue found in the pipe, but that he was not

aware the residue contained methamphetamine. The State contends that it "is not

required to prove the defendant's knowledge of the particular type of controlled substance

possessed; only that the defendant possessed a controlled substance." Br. of Resp't at 4.

It argues that "[Mr.] Curtis provided insufficient evidence of unwitting possession when

he testified that he knew the nature of the substance was an illegal substance." Br. of

Resp't at 5.

*State v. Goodman*, 150 Wn.2d 774, 83 P.3d 410 (2004) undermines the State's

argument. In that case, the Washington State Supreme Court held that the specific

identity of the controlled substance is an essential element when the identity of the

controlled substance aggravates the penalty a court may impose. In *Goodman*, the

defendant argued that a charge of possession with intent to deliver "meth" was deficient

because it could be confused with drugs other than methamphetamine, the possession of

which might carry a lower sentence. *Id.* at 778. The court agreed, holding that the State

must charge and prove the possession of a specific drug when the presence of the specific

drug increases the statutory maximum sentence. *Id.*

Mr. Curtis's conviction for possession of methamphetamine carried a maximum

sentence of five years. Had he been convicted of possession of less than 40 grams of

marijuana, a misdemeanor under former RCW 69.50.401(e) (1998),[2] his maximum

sentence would have been 90 days. RCW 9A.20.021(3).[3] Thus, because the statutory

maximum sentence increased depending on which controlled substance Mr. Curtis

---

[2] Former RCW 69.50.401(e) provided that "any person found guilty of possession of forty grams or less of marihuana shall be guilty of a misdemeanor."

[3] RCW 9A.20.021(3) provides: "Every person convicted of a misdemeanor defined in Title 9A RCW shall be punished by imprisonment in the county jail for a maximum term fixed by the court of not more than ninety days, or by a fine of in an amount fixed by

possessed, the State was required to prove beyond a reasonable doubt that the substance Mr. Curtis possessed was methamphetamine.

In view of *Goodman*, Mr. Curtis correctly argued at trial that the State was required to prove the exact nature of the controlled substance because a conviction for possession of marijuana would have been a misdemeanor. On appeal, he argues he is entitled to an unwitting possession instruction based on his testimony that he did not know the pipe contained methamphetamine. Mr. Curtis's argument is supported by the record.

During cross-examination, Mr. Curtis admitted that the pipe contained an illegal substance of some sort—but he also testified that he did not know whether this substance was marijuana or methamphetamine. This difference is crucial because in October 2012, possession of these different controlled substances carried different maximum sentences. He also testified that he had never smoked methamphetamine and therefore had "no clue" that the residue in the pipe was methamphetamine. The trial court found that Mr. Curtis thought the residue was "marijuana or methamphetamine," but concluded that Mr. Curtis's knowledge that the pipe was used to ingest an illegal substance was sufficient to preclude an unwitting possession instruction. RP at 247. This was an error of law.

---

the court of not more than one thousand dollars, or by both such imprisonment and fine."

Viewing the facts in favor of Mr. Curtis and declining to assess the credibility of the witnesses, sufficient evidence warranted an unwitting possession instruction. Mr. Curtis's claim that he did not know that the pipe contained methamphetamine coupled with his testimony that he had never smoked methamphetamine and, therefore, by inference, would not be able to recognize methamphetamine residue, was sufficient for a reasonable juror to find, by a preponderance of the evidence, that Mr. Curtis unwittingly possessed the methamphetamine. Accordingly, the trial court erred in failing to give an unwitting possession jury instruction.

We next must determine whether this instructional error was prejudicial. A trial court's refusal to give an instruction is not grounds for reversal unless it was prejudicial. *State v. Thomas*, 110 Wn.2d 859, 862, 757 P.2d 512 (1988). "It is not prejudicial 'unless, within reasonable probabilities, had the error not occurred, the outcome . . . would have been materially affected.'" *Id.* (quoting *State v. Cunningham*, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980)). The State notes that Mr. Curtis's unwitting possession defense pertains only to the substance in the pipe, not the three baggies of methamphetamine that appeared on the floor of the holding cell. As to those baggies, Mr. Curtis simply argued that those did not belong to him.

10

We find sufficient evidence in the record that the jury may have agreed with Mr. Curtis on this point. During jury deliberations, the jury sent a written question to the judge inquiring whether the residue in the pipe could constitute a controlled substance. There would be no need to send such a question to the judge unless the jury believed Mr. Curtis that the baggies containing methamphetamine on the holding cell floor did not belong to him. Therefore, we are constrained to conclude that the instructional error was prejudicial.

We reverse Mr. Curtis's conviction for possession of a controlled substance, methamphetamine, and remand for a new trial.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Siddoway, C.J.                   Brown, J.

11