# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49561-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| EDWIN TOM SANTOS, | |
| Appellant. | |

MAXA, A.C.J. – Edwin Santos appeals his conviction for possession of a controlled substance (methamphetamine). We hold that (1) even if the trial court erred in allowing the State to introduce evidence that Santos was standing next to a stolen vehicle when the arresting officer first encountered him, any error was harmless; and (2) the trial court did not err by declining to give Santos's proposed jury instruction on unwitting possession. Accordingly, we affirm Santos's conviction.

## FACTS

Officer Michael Mezen was patrolling near Poulsbo on April 14, 2016 when he encountered three men standing on the road's shoulder, near a parked vehicle. Mezen asked if the men needed help. One responded that they were having car trouble and they had a ride coming. As Mezen continued driving, he checked the status of the vehicle's license plate and determined that the vehicle was stolen.

Mezen returned to the vehicle, but the men were gone. Mezen searched for the men and eventually located them in a nearby store. One of them, Santos, had an outstanding arrest warrant. Mezen placed Santos under arrest and conducted a search incident to that arrest. Mezen found a pipe in Santos's pants pocket, which Mezen recognized as a pipe used to smoke methamphetamine.

The State charged Santos with possession of a controlled substance (methamphetamine). The State did not charge Santos with any offenses relating to the stolen vehicle.

In a pre-trial motion, Santos sought to prevent the State from eliciting testimony from Mezen that Santos was associated with a stolen vehicle. Santos argued that the vehicle's status was not relevant to his charge and that it was unfairly prejudicial. The trial court ruled that testimony concerning the vehicle completed the chain of events and therefore would be admissible as res gestae.

At trial, Mezen testified about his encounter with and arrest of Santos, as described above. He specifically testified that when he first encountered the three men, they were standing next to a stolen vehicle. However, Mezen confirmed on cross-examination that Santos had not been charged with possession of a stolen vehicle.

The State also elicited testimony regarding Santos's pipe from Donna Wilson, an employee at the Washington State Patrol Crime Lab who tested the pipe. She testified that she used a scalpel to scrape residue from inside the pipe for testing. She stated that she would not have known what the substance was prior to testing. But based on her testing, Wilson concluded that the residue contained methamphetamine.

Santos proposed a jury instruction on unwitting possession. The trial court declined to give the instruction.

The jury found Santos guilty of possession of a controlled substance (methamphetamine). Santos appeals his conviction.

## ANALYSIS

A.    TESTIMONY ON STOLEN VEHICLE

Santos argues that the trial court erred in allowing the State, under a res gestae theory, to elicit testimony from Mezen that Santos was standing next to a stolen vehicle when Mezen first encountered him. We hold that even if the trial court erred in allowing the State to introduce this evidence, any error was harmless.

Under ER 402, evidence is admissible only if it is relevant. Evidence is relevant under ER 401 if it (1) tends to prove or disprove the existence of a fact and (2) the fact is of consequence to the case's outcome. *State v. Weaville*, 162 Wn. App. 801, 818, 256 P.3d 426 (2011).

One type of potentially relevant evidence is res gestae evidence. *See State v. Grier*, 168 Wn. App. 635, 645-47, 278 P.3d 225 (2012). Res gestae evidence "complete[s] the story of the crime by establishing the immediate time and place of its occurrence." *State v. Brown*, 132 Wn.2d 529, 571, 940 P.2d 546 (1997). When evidence "constitutes a 'link in the chain' of an unbroken sequence of events surrounding the charged offense," that evidence is admissible to provide a " 'complete picture' " for the jury. *Id.* (quoting *State v. Tharp*, 96 Wn.2d 591, 594, 637 P.2d 961 (1981)).

3

We question the relevance of the evidence that Santos was associated with a stolen vehicle. The fact that the vehicle was stolen had nothing to do with the only material issue in the case – whether Santos possessed methamphetamine. And the stolen vehicle evidence was not necessary to complete the story of the crime. Officer Mezen easily could have explained his interaction with Santos without stating that the vehicle was stolen.

However, a trial court's improper admission of evidence generally is nonconstitutional error that requires reversal only if the evidence materially impacted the trial's outcome. *State v. Beadle*, 173 Wn.2d 97, 120-21, 265 P.3d 863 (2011). Erroneous admission of evidence is harmless unless there is a reasonable probability that, but for the error, the verdict would have been materially different. *State v. Ashley*, 186 Wn.2d 32, 47, 375 P.3d 673 (2016). In addition, improper admission of evidence constitutes harmless error if the evidence is of only minor significance in reference to the evidence as a whole. *State v. Rodriguez*, 163 Wn. App. 215, 233, 259 P.3d 1145 (2011).

Here, even without testimony concerning the vehicle's status, there was uncontroverted evidence that supported Santos's conviction. To convict Santos, the jury had to find that he had possession of a controlled substance. Evidence at trial showed that Santos had in his pocket a pipe that contained methamphetamine residue. Santos did not testify or present any defense. Regardless of whether Mezen testified that the vehicle was stolen, the evidence was overwhelming that Santos possessed a controlled substance.

Further, the admitted evidence was less likely to affect the verdict because the evidence did not establish a strong connection between Santos and the stolen vehicle. Mezen did not state

that Santos had been in possession of the vehicle. And Santos was able to clarify that he was never charged with any crime related to the stolen vehicle.

Any testimony about the stolen vehicle likely had little impact on the jury's finding of guilt. Accordingly, we hold that even if the trial court erred in admitting Mezen's testimony, any error was harmless.

B.    UNWITTING POSSESSION INSTRUCTION

Santos argues that the trial court erred in rejecting his jury instruction on unwitting possession. We disagree.

1.    Legal Principles

Unlawful possession of a controlled substance is a strict liability crime that requires the State to prove the nature of the substance and the fact of possession. *State v. Bradshaw*, 152 Wn.2d 528, 538, 98 P.3d 1190 (2004). As an affirmative defense, a defendant may allege that possession was unwitting. *Id.* To raise a successful unwitting possession defense, the defendant must prove by a preponderance of the evidence that he or she did not know that the substance was in her or his possession or did not know the nature of the substance. *State v. George*, 146 Wn. App. 906, 914-15, 193 P.3d 693 (2008); *see* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 52.01, at 1196 (4th ed. 2016) (listing elements).

The defendant is entitled to have the trial court instruct the jury on his or her theory of the case when there is evidence to support the theory. *George*, 146 Wn. App. at 915. The trial court's failure to do so is reversible error. *State v. Otis*, 151 Wn. App. 572, 578, 213 P.3d 613 (2009). When the trial court evaluates whether the evidence is sufficient to support an unwitting possession instruction, it must interpret the evidence in favor of the defendant without weighing

the proof or judging witness credibility. *George*, 146 Wn. App. at 915. Whether proof is sufficient must be considered in light of all the evidence presented at trial, irrespective of which party presented it. *Id.*

The defendant is entitled to a jury instruction on unwitting possession only if the evidence presented at trial is sufficient to permit a reasonable juror to find by a preponderance of the evidence that the defendant unwittingly possessed the controlled substance. *State v. Buford*, 93 Wn. App. 149, 153, 967 P.2d 548 (1998).

2.  Analysis

Here, Mezen testified that he found a pipe in Santos's pants pocket and recognized it as one used commonly to smoke methamphetamine. Wilson testified that she scraped off residue from the inside of the pipe, which she tested for methamphetamine. She also stated that she had been unable to tell what the substance was when she first looked at it.

In a similar case, *Buford*, police seized a crack pipe from the defendant that contained a small amount of cocaine residue. 93 Wn. App. at 150. The court held that the defendant had not raised evidence sufficient to give an unwitting possession instruction. It explained:

> [T]he only evidence that could arguably support Buford's claim that he unwittingly possessed the cocaine is that the amount of cocaine seized was small and had to be scraped out of the crack pipe with a scalpel. But this evidence, without more, does not support an inference that Buford unwittingly possessed the cocaine.

*Id.* at 153. The court noted that the defendant had failed to provide basic facts – where the pipe came from, how long the defendant had it, if the defendant expressed dismay at finding it, whether the defendant knew what it was for, or whether the defendant knew what cocaine looked like – without which the jury would be forced to speculate to apply the defense. *Id.*

Santos's argument on appeal is different. He does mention that he only possessed a small amount of methamphetamine residue, but on appeal he disclaims any argument based on the amount possessed. Instead, his primary argument is that the State's expert could not tell by sight the nature of the residue – that the substance was methamphetamine. Santos apparently argues that this evidence supports an inference that he did not know that the substance was methamphetamine.

However, some of the same facts missing in *Buford* also are missing here – where the pipe came from, whether Santos knew that it was used for smoking methamphetamine, and whether Santos knew what methamphetamine residue looked like. Without knowing this information, it would not be reasonable to infer that Santos did not know that the pipe contained methamphetamine simply because a person with no connection with the pipe could not tell the nature of the substance by sight.

Santos relies on *George*, where the court held that an unwitting possession instruction was proper. 146 Wn. App. at 915-16. In that case, a police officer pulled over a car with three occupants, including the defendant who was sitting in the back seat. *Id.* at 912. The officer smelled marijuana, and after searching the vehicle found a large water pipe containing burnt marijuana behind the driver's seat. *Id.* at 912-13. Throughout the encounter, all three occupants denied that marijuana was present and the defendant denied owning the pipe. *Id.*

The court held that this evidence justified giving an unwitting possession instruction. *Id.* at 916. The court highlighted the relevant facts: all three parties denied any knowledge that marijuana was present or ownership of the pipe, the defendant was not driving, the defendant did not own the vehicle and the owner was present, and no fingerprint evidence linked the defendant

7

to the pipe. *Id.* at 915. Therefore, it was possible that someone in the front seat placed the pipe in the back or that the pipe had been placed there previously. *Id.* at 915-16.

Similar evidence is missing in this case. Unlike in *George*, neither party presented evidence that could have allowed the jury to conclude that Santos did not know the pipe was in his pocket or did not know its purpose. While the evidence in *George* could have allowed the jury to conclude that the defendant was unaware that the pipe or marijuana was present, the evidence in this case would have required the jury to speculate as to Santos's knowledge.

There was insufficient evidence to support a jury instruction on unwitting possession. Accordingly, we hold that the trial court did not err in declining to give that instruction.

CONCLUSION

We affirm Santos's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

JOHANSON, J.

MELNICK, J.