# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50639-4-II |
| Respondent, | |
| v. | |
| ELRICH PAUL CARDA NELSON, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. – Elrich Paul Carda Nelson appeals his jury trial conviction for unlawful possession of a controlled substance (methamphetamine). He argues that (1) the evidence was insufficient to prove that he knowingly possessed the methamphetamine and (2) the State committed prosecutorial misconduct during closing argument. Because knowledge is not an element of the offense of unlawful possession of a controlled substance that the State had to prove and the jury's rejection of Nelson's unwitting possession defense was based on credibility determinations that we do not review, Nelson's sufficiency of the evidence argument fails. And because Nelson fails to show that the alleged instances of prosecutorial misconduct, to which he did not object, could not have been cured with proper instructions to the jury, Nelson has waived his prosecutorial misconduct claims. Accordingly, we affirm.

FACTS

I. BACKGROUND

On March 3, 2017, Bainbridge Island Police Officer Michael Tovar arrested Nelson on an outstanding warrant and searched Nelson's person. Nelson, who was homeless and living outside, was wearing several layers of clothing. During the search, Officer Tovar found methamphetamine and several pipes in one of Nelson's pockets.

II. PROCEDURE

A. TRIAL

The State charged Nelson with unlawful possession of a controlled substance (methamphetamine). The case proceeded to a jury trial. Nelson presented an unwitting possession defense.

During the State's case-in-chief, Officer Tovar testified about finding the drugs in one of the jackets Nelson was wearing. The State also presented testimony that the substance the officer found was methamphetamine.

Nelson testified that before his arrest he had acquired two jackets, including the jacket the drugs were found in, from a donated clothing bin and that he had put these jackets on over his other clothing. He asserted that he had put on the jackets without "inspecting" them and that he had no idea that the drugs or pipes were in the jacket's pocket. Verbatim Report of Proceedings (July 10-13, 2017) (VRP) at 65.

On cross-examination, the State asked Nelson if he recalled telling Officer Tovar that he (Nelson) had "forgot[ten]" about the items in his pocket after the officer discovered them. VRP

at 78. Nelson testified that he believed that he may have said that he had forgotten to check the jacket.

The State recalled Officer Tovar. Officer Tovar testified that immediately before he searched Nelson and again before searching each successive layer of clothing, he asked Nelson "if he had anything illegal on him." VRP at 83. Each time, Nelson replied that he did not. After finding the drugs and pipes in the third layer of clothing, Officer Tovar commented, "I thought you said you didn't have anything illegal on you." VRP at 83. And Nelson responded, "Oh, I forgot about that," or "I must have forgot about that." VRP at 83.

On re-cross examination, defense counsel asked Officer Tovar if it was possible that Nelson instead "said that he forgot to check that pocket." VRP at 84. Officer Tovar responded that it was not possible and that Nelson said, "I forgot I had this." VRP at 84.

B. CLOSING ARGUMENT

During closing argument, the State acknowledged that it was the State's burden to prove the elements of the crime beyond a reasonable doubt. It then stated that it was Nelson's burden to prove unwitting possession by a preponderance of the evidence. After discussing the preponderance of the evidence standard, the State discussed the presumption of innocence, the difference between the presumption of innocence and credibility determinations, and how to evaluate Nelson's credibility.[1]

---

[1] The State argued:

> Let's talk about [Nelson's] testimony a little bit. He did testify, so you were able to weigh the credibility of his statements just as you are allowed to do with the State's witnesses. The defendant is presumed innocent in this case. That does not mean he is presumed credible. Those are two different things.

3

The State then discussed Nelson's testimony and questioned whether Nelson's testimony, about not having checked the pockets of the clothing and about not being aware there were objects in the pockets, was reasonable. The State also questioned the reasonableness of someone leaving valuable drugs in the pocket of a discarded piece of clothing. After questioning the reasonableness of Nelson's testimony, the State argued: "Ladies and gentlemen, the defendant is trying to sell you a bridge here with his testimony." VRP at 109. Nelson did not object to this argument.

After arguing that the State had met its burden of proof as to the elements of the offense, the State's argument then turned to the unwitting possession defense:

> What has not been proved to you by a preponderance of the evidence is that the defendant did not know. He did not meet that burden. *There's been no evidence*. In fact, the evidence suggests otherwise for the reasons I've already stated, the most compelling of which is the defendant's own statement to the officer, "I forgot that was in there."

VRP at 110 (emphasis added). Nelson did not object to this argument.

The jury found Nelson guilty of unlawful possession of a controlled substance (methamphetamine). Nelson appeals his conviction.

---

> Jury Instruction No. 1, . . . indicates that you as the jury are the sole judges of the credibility of all of the witnesses, including the defendant.
>
> It lists various things that you can consider when you're talking about the witness' testimony. Those include, towards the end of the first paragraph there, any personal interest the witness might have in the outcome, any bias or prejudice they may have shown, and the reasonableness of their statements in the context of all of the other evidence.
>
> So you can consider the reasonableness of the defendant's statements, as well as any personal bias he may have in the outcome of the case, which of course he does.

VRP at 106-07.

ANALYSIS

Nelson argues that (1) the State failed to prove that he knowingly possessed the methamphetamine, and (2) the State engaged in prosecutorial misconduct in closing argument by suggesting that Nelson was lying and by misstating the evidence. These arguments fail.

I. SUFFICIENCY

Nelson first argues that "[t]he [S]tate failed to prove that [he] knowingly possessed methamphetamine." Br. of Appellant at 5, 8. But the State did not have the burden of proving knowledge because knowledge is not an element of the crime of unlawful possession of a controlled substance. *State v. Bradshaw*, 152 Wn.2d 528, 532-33, 98 P.3d 1190 (2004). Nelson's argument is more properly characterized as a claim that he proved his unwitting possession defense by a preponderance of the evidence.

The gravamen of Nelson's argument is that his testimony established that he was unaware that he possessed the methamphetamine. Nelson's testimony, if believed, would certainly support an unwitting possession defense. But we do not review the jury's credibility determinations. Instead, our sole function in this case is to determine whether the jury's rejection of Nelson's unwitting possession defense was rationally based on the evidence. *See State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992); *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In so doing, we examine the evidence and all reasonable inferences from that evidence in the light most favorable to the State.[2] *Salinas*, 119 Wn.2d at 201; *Homan*, 181 Wn.2d at 105.

---

[2] Without citation to any authority, Nelson argues that we must consider the evidence in the light most favorable to him. Although we evaluate the evidence in favor of the defendant when determining whether a defendant is entitled to an unwitting possession instruction, we do not apply

Although Nelson's testimony would support the conclusion that he did not know that he had the methamphetamine, the State also presented evidence that Nelson told Officer Tovar that he (Nelson) had forgotten the drugs were in his pocket. Ultimately, it comes down to whose testimony the jury found to be more credible. Thus, the jury's rejection of Nelson's unwitting possession defense was based on its credibility determinations, and we do not review credibility determinations on appeal. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014) (citing *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990)). And if the jury found that Nelson's testimony was not credible and believed Officer Tovar's testimony, the jury's rejection of the unwitting possession defense was rationally based on the evidence. Accordingly, this argument fails.[3]

## II. PROSECUTORIAL MISCONDUCT CLAIMS

Nelson next argues that the State engaged in prosecutorial misconduct in closing argument when it argued that (1) Nelson was "trying to sell [the jury] a bridge," and (2) Nelson had not met his burden of proving the unwitting possession defense because he had presented "no evidence" supporting his claim that he did not know about the drugs. Brief of Appellant at 10, 17; VRP at 109, 110. Nelson has waived these arguments.

---

this standard when examining a sufficiency of the evidence claim. *See State v. May*, 100 Wn. App. 478, 482, 997 P.2d 956 (2000) (when determining whether a defendant is entitled to an unwitting possession jury instruction, we interpret the evidence most strongly in favor of the defendant). Instead, in the sufficiency of the evidence context, we view the evidence in the light most favorable to the State. *Homan*, 181 Wn.2d at 105.

[3] Nelson cites *State v. Hundley*, 126 Wn.2d 418, 895 P.2d 403 (1995). But that case discusses the sufficiency standards that relate to the elements of the defense, it does not address a sufficiency argument related to an affirmative defense. *Hundley*, 126 Wn.2d at 421. Accordingly, *Hundley* does not apply.

To prevail on his prosecutorial misconduct claims, Nelson must establish that in the context of the record and all of the circumstances of the trial, the prosecutor's conduct was both improper and prejudicial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 285 P.3d 43 (2011). But the "'failure to object to an improper remark constitutes a waiver of error unless the remark is so flagrant and ill intentioned that it causes an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury.'" *Thorgerson*, 172 Wn.2d at 443 (quoting *State v. Russell*, 125 Wn.2d 24, 86, 882 P.2d 747 (1994)).

Nelson did not object to either of the comments that he now asserts were improper. Thus, even assuming, but not deciding, that these comments were improper, Nelson must show that the comments were so flagrant and ill intentioned that they caused enduring and resulting prejudice that could not have been neutralized by an admonition to the jury.

Nelson argues that the bridge comment was a deliberate attempt to influence the jury based on the State's opinion of Nelson, suggesting that Nelson was a con man. But Nelson fails to explain why an objection to this argument and instructions by the trial court to ignore this comment and that the jury was the sole judge of credibility would not have cured this error.

Nelson also contends that the State's comment that Nelson had failed to present any evidence to support his unwitting possession misstated the facts or was the same as arguing facts that were not in evidence. But Nelson fails to explain why this error could not have been cured if Nelson had objected and the trial court had instructed the jury that the jury was to ignore this argument, that the State's argument was not the evidence, and that the jury must rely on the evidence presented at trial. Because Nelson does not show that the State's comments, even assuming they were improper, "cause[d] an enduring and resulting prejudice that could not have

been neutralized by an admonition to the jury," he has waived his prosecutorial misconduct claims on appeal. *Russell*, 125 Wn.2d at 86.

Because Nelson fails to show that the evidence was insufficient to support his conviction and has waived his prosecutorial misconduct claims, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

JOHANSON, J.